In re LEIRD CHURCH FURNITURE
MANUFACTURING
COMPANY, Debtor.

LEIRD CHURCH FURNITURE MANU-
FACTURING COMPANY and
Edward L. Kutait, Plaintiff,

v.

UNION NATIONAL BANK OF LITTLE
ROCK, Defendant.

Bankruptcy No. LR 84–855M.
Adv. No. 84–558M.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

March 19, 1986.

Peter B. Heister, Little Rock, Ark., for debtor.

Richard L. Smith, Little Rock, Ark., trustee.

Griffin Smith, Little Rock, Ark., for Union Nat. Bank.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

The debtor filed the complaint in this action originally in the Circuit Court of Pulaski County, Arkansas. A demand for a jury trial was made in the original complaint by the plaintiff. The defendant, Union National Bank of Little Rock (Union), filed a petition to remove the case to the Bankruptcy Court. The Bankruptcy Court referred the matter to District Court where the case should have been removed. The District Court found that the case is a core proceeding under 28 U.S.C. § 157(b)(1), (b)(2)(B) and (b)(2)(C), and referred the matter back to the Bankruptcy Court. *See In re Franklin Computer Corp.*, 50 B.R. 620 (Bkrtcy.E.D.Pa.1985). The plaintiff made a timely jury demand in this adversary proceeding in Bankruptcy Court.

Union argues that the debtor is not entitled to a jury trial because there is no right to a jury trial in bankruptcy court and because bankruptcy judges are not empowered to conduct jury trials. Counsel for Union erroneously states that there are no reported cases on the question of a party's right to a jury trial in a bankruptcy court.

28 U.S.C. § 151 designates the bankruptcy court as a unit of the district court. 28 U.S.C. § 157 provides in part as follows:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

. . . .

(C) counterclaims by the estate against persons filing claims against the estate;

28 U.S.C. § 1411 governs the right to a jury trial in bankruptcy court. Section 1411 provides:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

(b) The district court may order the issues arising under section 303 of title 11 to be tried without a jury.

Bankruptcy Rule of Procedure 9015 governs the procedures to be followed in bankruptcy court in a trial by jury.

■ The right to a jury trial in bankruptcy court is properly determined by the nature of the matter involved and whether it is a cause of action at law or equity. *In re Rodgers and Sons, Inc.,* 48 B.R. 683 (Bkrtcy.E.D.Okla.1985). If the nature of the matter pending in the bankruptcy court is an action at law, a jury trial is permitted. *See Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727 (M.D.Ga.1985); *In re Gibbons Construction, Inc.,* 46 B.R. 193 (E.D.Ky.1984); *In re Smith-Douglass, Inc.,* 43 B.R. 616 (Bkrtcy.E.D.N.C.1984); *In re L.A. Clarke and Son, Inc.,* 51 B.R. 31 (Bkrtcy.D.C.1985); *In re Morse Elec. Co.,*

*Inc.,* 47 B.R. 234 (Bkrtcy.N.D.Ind.1985); *In re Arnett Oil, Inc.,* 44 B.R. 603 (N.D.Ind. 1984); *In re Lombard-Wall, Inc.,* 48 B.R. 986 (S.D.N.Y.1985); *In re River Transportation Company,* 35 B.R. 556 (Bkrtcy.M.D. Tenn.1983); *In re Martin Baker Well Drilling, Inc.,* 36 B.R. 154 (Bkrtcy.D.Me. 1984); *Matter of Baldwin-United Corporation,* 48 B.R. 49 (Bkrtcy.S.D.Ohio 1985); *In re Energy Resources Co., Inc.,* 49 B.R. 278 (Bkrtcy.D.Mass.1985); *In re Duncan,* 51 B.R. 71 (Bkrtcy.D.Md.1985); *In re Bokum Resources Corp.,* 49 B.R. 854 (Bkrtcy. D.N.M.1985); *In re Rodgers & Sons,* 48 B.R. 683 (Bkrtcy.E.D.Okl.1985); *Matter of Paula Saker & Co., Inc.,* 37 B.R. 802 (Bkrtcy.S.D.N.Y.1984); *In re Boss-Linco Lines, Inc.,* 55 B.R. 299 (Bkrtcy.W.D.N.Y. 1985). *But see In re Lee,* 50 B.R. 683 (Bkrtcy.Md.1985); *In re Best Pack Seafood, Inc.,* 45 B.R. 194 (Bkrtcy.D.Me.1984); *In re American Energy, Inc.,* 50 B.R. 175 (Bkrtcy.D.N.D.1985); *In re Proehl,* 36 B.R. 86 (W.D.Va.1984); *In re DeLorean Motor Co.,* 49 B.R. 900 (Bkrtcy.E.D.Mich.1985); *Matter of McLouth Steel Corporation,* 38 B.R. 316 (Bkrtcy.E.D.Mich.1984), *aff'd,* 55 B.R. 357 (E.D.Mich.1985); *In re Graham,* 747 F.2d 1383 (11th Cir.1984); *In re Minton Group, Inc.,* 43 B.R. 705 (Bkrtcy.S.D. N.Y.1984); *In re Country Junction, Inc.,* 41 B.R. 425 (W.D.Tex.1984); *In re Lee,* 50 B.R. 683 (Bkrtcy.D.Md.1985).

■ The cause of action asserted by the debtor is a counterclaim for alleged tortious interference with business relations, a tort. The relief sought is a money judgment which is an action at law. The plaintiff in this case is entitled to a jury trial. *See Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932); *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).

Plaintiff also alleges that Union's claim should be subordinated pursuant to an equitable subordination theory. This allegation in no way effects the plaintiff's right to a trial by jury since "it is well established that a plaintiff in the federal court asserting both legal and equitable claims in the same lawsuit is entitled to a jury trial on the legal issue." *Drone v. Hutto,* 565

F.2d 543 (8th Cir.1977), citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). *See also Wirtz v. Robert E. Bob Adair, Inc.*, 224 F.Supp. 750 (W.D.Ark.1963).

■ A significant procedural problem exists which this Court is compelled to address *sua sponte*. When the cause of action was brought, the debtor was a debtor-in-possession in a Chapter 11 case. Since that time, the case has been converted to a case under Chapter 7, and Honorable Richard Smith has been appointed trustee. Consequently, the debtor is no longer in possession. The trustee is now vested with all property of the estate, including this adversary proceeding and all causes of action the debtor formerly possessed. The trustee is vested with the right to object to the allowance of any improper claim.[1] 11 U.S.C. § 704(1) and (5) and 11 U.S.C. § 541(a)(1). Therefore, the debtor is not the proper party plaintiff in this cause of action. The trustee has thirty days from the entry of this Memorandum Opinion and Order of this same date to intervene as party plaintiff in Adversary Proceeding No. 84–558M, and to demand a jury trial. In the event the trustee does not intervene, the debtor has an additional twenty days to file a motion requesting permission to proceed *ex rel* the trustee.

The demand for a jury trial is granted subject to the right of the trustee to waive the right to a trial by jury.

Pursuant to Local Rule 32(III)(e) of the United States District Court, Eastern District of Arkansas, this matter shall be referred to the District Court thirty days from the entry of this Memorandum Opinion and Order of this same date for a determination of whether the jury trial shall be conducted in the District Court or referred to the Bankruptcy Court for trial unless the right to jury trial is waived by the trustee.

IT IS SO ORDERED.

---

[1]. A creditor also has the right to object to a creditor's claim pursuant to 11 U.S.C. § 502(a).