In re MARK JAY KAUFMAN, P.A., & Mark Jay Kaufman, Debtors.

Bankruptcy Nos. 86–00195–C, 86–00196–D.

United States Bankruptcy Court, N.D. Florida, Gainesville Division.

Aug. 10, 1987.

**310**

Craig Hall, Gainesville, Fla., pro se.

Lisa Cohen, Keystone Heights, Fla., for debtor.

### MEMORANDUM OPINION AND ORDER ON CREDITOR'S MOTION TO LIFT STAY

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on to be heard upon the motion of Craig Hall and Hall & Hall, P.A. (Hall) for relief from the automatic stay of Section 362 of the Bankruptcy Code. Hall seeks relief in order to commence state court litigation against the debtor Kaufman. Hall alleges that on January 13, 1983, Betty Boyette, as guardian for her son, Jonathan R. Boyette, entered into an employment contract with the law firm of the debtor Mark Jay Kaufman, P.A. The Kaufman firm was to represent the Boyettes in a personal injury action. The employment contract provided that the client agreed that associate counsel could be employed at the discretion and expense of the firm. Pursuant to this agreement, the Kaufman firm employed the movant Craig E. Hall of Hall & Hall, P.A. to assist it in handling the Boyette case. Hall represented the interests of Boyette from approximately January 20, 1983, until February 15, 1984, and was to participate in the division of any contingency fee realized under the contractual arrangement based upon a percentage of any recovery made. Hall alleges that sometime between October 1, 1983, and February 15, 1984, Kauf-man sought to have Boyette discharge Hall from further representation. He asserts that these actions by the debtor constituted the intentional interference with an advantageous business contractual relationship that Hall had established with Boyette which resulted in Kaufman's liability to Hall for both compensatory and punitive damages. Hall has previously filed an unliquidated claim in this Chapter 11 estate for the attorney fees that allegedly would have been earned by him but for such tortious interference by the debtor. The debtor has filed an objection to this claim. Hall's motion to lift stay seeks authority to liquidate this claim in state court before a jury. Upon this record, argument, and memoranda of counsel, the Court makes the following findings of fact and conclusions of law.

█ The threshold issue presented to this Court is whether the automatic stay of § 362 is applicable. Hall contends that although the business/contractual relationship was entered into pre-petition, and the purported tortious interference occurred pre-petition, actual damages did not accrue giving rise to the cause of action until post-petition. He asserts that § 362 is therefore inapplicable to this post-petition claim. Yet, § 101(4) defines claim as including contingent, unliquidated rights to payment. All acts giving rise to Hall's claim occurred pre-petition even though specific damages may not have been ascertainable until post-petition. Upon these purported facts this Court concludes that the instant claim is pre-petition and state court proceedings thereon are thus subject to the automatic stay of § 362. *See, In re Peltz,* 55 B.R. 336 (Bkrtcy.M.D.FL 1985).

The Court must now determine whether to grant Hall relief from stay to pursue the claim liquidation in a state court jury trial seeking both compensatory and punitive damages. The debtor Kaufman vigorously opposes Hall's motion on several grounds. Kaufman asserts that Hall subjected himself to the jurisdiction of this Court by filing a proof of claim; that the proof of claim and objection thereto constitute a

contested matter over which this Court has complete jurisdiction; that, as this matter involves the allowance or disallowance of a claim, it is a core proceeding upon which the Bankruptcy Court can enter a final order; that this Court is statutorily authorized to rule on these matters and should exercise its jurisdiction regardless of whether the creditor *may* file a lawsuit in state court for tortious interference; and that although a matter may involve issues of state law, that does not deprive this Court of its power to hear and resolve such disputes.

Hall argues that the tortious interference suit which he desires to file in state court is a "non-core" or "related" proceeding. As such, he contends that this Court has *no jurisdiction to issue a final order*. He asserts that the filing of his proof of claim was a procedural necessity which can not convert this matter from non-core to core. Hall further re-asserts his constitutional right to a jury trial in state court.

██ This Court deems the parties' emphasis on the characterization of this matter as core or non-core of little moment in the context of this case. This Court has the "jurisdiction", "authority", and "power" to hear proceedings as to allowance or disallowance of all claims. Title 28 U.S.C. § 157(a). The Court has *discretion* to exercise this power or not. (See, *In re Continental Airlines Corp.*, 64 B.R. 865 (Bkrtcy.S.D.TX 1986)).

██ Further, as to whether a jury trial of this issue is permissible, this Court recognizes the cases holding that regardless of the characterization of a proceeding as core or non-core, this Court is not prohibited from conducting a jury trial of its own, a solution which Hall would find agreeable. In *In re Morse Electric Company, Inc.*, 47 B.R. 234, 12 B.C.D. 957 (Bkrtcy.N.D.IN 1985), the Court quoted bankruptcy commentator Stanley Bernstein:

> ... As it now stands, § 1411 is merely declaratory of the right to jury trial or (sic) a limited class of contingent tort claims.... Those claims can only be tried before the district court. One could draw the inference that the Seventh

Amendment applied to all legal issues regarding money damages, and that a bankruptcy judge has the implied power to conduct jury trials in all instances except the expressly excluded limited class of contingent tort claims.

(See, also *In re Leird Church Furniture Mfg. Co.*, 61 B.R. 444, 14 B.C.D. 571 (E.D. AK 1986)); *In re Smith-Douglas*, 43 B.R. 616 (Bkrtcy.E.D.NC 1984), and *In re Gibbons Construction, Inc.*, 46 B.R. 193, 12 B.C.D. 463 (D.C.KY 1984).

Yet in view of the Amendments to the Bankruptcy Rules, prescribed by the U.S. Supreme Court pursuant to 28 U.S.C. § 2075, (effective August 1, 1987), this Court does not concur with the above cases. The Amendments to the Bankruptcy Rules have abrogated Rule 9015. The Committee Note thereto states:

> Former section 1480 of title 28 preserved a right to trial by jury in any case or proceeding under title 11 in which jury trial was provided by statute. Rule 9015 provided the procedure for jury trials in bankruptcy courts. Section 1480 was repealed. Section 1411 added by the 1984 amendments affords a jury trial only for personal injury or wrongful death claims, which 28 U.S.C. § 157(b)(5) requires be tried in the district court. Nevertheless, Rule 9015 has been cited as conferring a right to jury trial in other matters before bankruptcy judges. In light of the clear mandate of 28 U.S.C. § 2075 that the "rules shall not abridge, enlarge, or modify any substantive right," Rule 9015 is abrogated. In the event the courts of appeals or the Supreme Court define a right to jury trial in any bankruptcy matters, a local rule in substantially the form of Rule 9015 can be adopted pending amendment of these rules.

██ In light of this Court's aforestated determination that it has jurisdiction of this matter but that it has no authority to conduct a jury trial, the issue presented is whether Hall has shown "cause" pursuant to § 362(d)(1) for the Court to relinquish its jurisdiction and allow this claim to be liquidated in state court before a jury.

This Court does not deem this matter to be equitable in nature. The cause of action asserted by the creditor is for alleged tortious interference with business relations, a tort. The relief sought is a money judgment which is an action at law. The creditor is entitled to a jury trial in order to liquidate his claim. These facts are deemed sufficient to establish cause for this Court to relinquish its jurisdiction and allow the creditor relief from the automatic stay of § 362. It is accordingly

ORDERED AND ADJUDGED that the motion of Hall for relief from stay be, and it hereby is, granted and the parties are hereby authorized to liquidate the subject claim in a state court tribunal.