In re Michael Joe and Vera **STEVENS**.

**Bankruptcy No. 94–40357 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Jan. 24, 1995.

Joel Taylor, for debtor.

Diana Maulding, Little Rock, AR, for Warehouse Paint.

James Clark, Little Rock, AR, for intervenor.

Randy Rice, trustee, Little Rock, AR.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtors' Motion for Summary Judgment, filed on December 28, 1994, to which the creditor Warehouse Paint responded on January 10, 1995. The issue before the Court is a simple one regarding property of the estate. Indeed, the Supreme Court has issued an opinion on the issue before the Court: whether a debtor's interest in an ERISA qualified pension plan is property of the estate. Despite the relative simplicity of this issue, it has engendered a tortuous, litigation in this case.

The debtors filed a Chapter 13 petition in bankruptcy on February 23, 1994. The creditor Warehouse Paint twice objected to the exemptions filed by the debtors, followed by several hearings, revisions to schedules, and settlements, which, apparently, did not completely resolve the dispute between the parties. Upon the conversion of the case to Chapter 7 of the Bankruptcy Code, the debtor filed amended schedules pursuant to section 522(b)(1) listing as exempt the debtor husband's interest in woodworking tools and his interest in a profit sharing plan at his former place of employment, Entergy Corporation. Although the debtor ceased working for Entergy Corporation prior to filing the bankruptcy petition, he had elected to maintain his interest in the profit sharing plan, rather than receiving a disbursement.

■ On July 15, 1994, the creditor Warehouse Paint again objected to the exemptions. On September 13, 1994, the matter was called for hearing, but neither the debtors nor their attorney appeared. Accordingly, the creditor Warehouse Paint submitted an Order sustaining its objections to exemp-

tions,[1] which was entered on September 19, 1994. This Order prompted the debtors to obtain new counsel who immediately moved to set aside the Order of September 19, 1994. In addition, Entergy Corporation moved for, and was granted, permission to intervene in the proceedings. Hearing was held on November 15, 1994, on the Motion to Set Aside, after which the motion was granted, by Order entered on November 18, 1994.

The debtors have now moved for summary judgment on the issue of whether the profit sharing plan is property of the estate. The debtors assert that, under *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the profit sharing plan, an Employee Retirement Income Security Act ("ERISA") qualified plan, is not, as a matter of law, property of the estate such that an objection to the exemption of such property is meaningless and should be dismissed.[2] Warehouse Paint asserts that there is a question of fact as to whether the funds are held by Entergy Corporation as a fiduciary such that summary judgment is inappropriate.

 Property of the estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a). However, under section 541(c)(2), "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." This means that restrictions on transfers under ERISA qualified plans are valid and enforceable in bankruptcy. *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). "The

natural reading of the provision entitled a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law." *Id.* at ——, 112 S.Ct. at 2246. The uncontroverted evidence before the Court is that the plan in which the debtor husband has an interest is ERISA qualified and that the plan contains, as it must under ERISA, 29 U.S.C. § 1056(d)(1); 26 U.S.C. § 401(a)(13), a provision restricting transfers of property. Thus, since the plan is ERISA qualified, the debtor husband's interest in the profit sharing plan is excluded as property of the estate. *See Patterson v. Shumate*, 504 U.S. at ——, 112 S.Ct. at 2246.

Warehouse Paint asserts that "controlling" ERISA section 1056(a)(3) removes the trust status of the funds when an employee quits his job. This is an incorrect reading of the statute. Section 1056 provides in part:

(a) Commencement date for payment of benefits.

Each pension plan shall provide that unless the participant otherwise elects, the payment of benefits under the plan to the participant shall begin not later than the 60th day after the latest of the close of the plan year in which—

(1) occurs the date on which the participant attains the earlier of age 65 or the normal retirement age specified under the plan,

(2) occurs the 10th anniversary of the year in which the participant commenced participation in the plan, or

---

1. Although the instant objection appears to seek turnover of the funds held in the pension plan, there is no motion for turnover before the Court. Only the Chapter 7 trustee may sue for turnover of estate assets; the creditor has no standing to do so. *See Leird Church Furniture Manufacturing Company v. Union National Bank of Little Rock (In re Leird Church Furniture Manufacturing Company)*, 61 B.R. 444, 446 (Bankr.E.D.Ark. 1986).

2. It is possible that some of the creditor's confusion arises from the fact that the debtors claim the property as exempt despite the fact that it is not property of the estate. This procedure is due, in part, to a lack of clarity on the part of the

petition forms since there is specific schedule in which to list assets not property of the estate, other than the schedule in which the debtors list exempt property. It is clearly the better course for debtors to list all property in which they have an interest, even though it may not be property of the estate. Although it may not be technically correct to list the property as exempt since it is not even property of the estate, listing such property as exempt is an error which gives notice to all creditors that the debtors claim that the creditors may not reach that property. It is always better for debtors to err by giving excess information than to fail to disclose information.

(3) the participant terminates his service with the employer.

\* \* \* \* \* \*

(d)(1) Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.

29 U.S.C. § 1056(a), (d)(1). Assuming this section "controls," the statute does not remove the trust status of the undisbursed funds. The creditor's argument, that upon termination of employment the assets are immediately converted to non-plan assets and are not within the purview of ERISA, does not find support in the cited statute.

■ Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company,* 849 F.2d 1269, 1273 (10th Cir.1988). Summary judgment is appropriate when a court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). As the Supreme Court has made clear, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555.

After the movant has made a properly supported summary judgment motion, "the nonmovant [has] the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

In the instant case, the debtors have submitted an affidavit from the appointed representative of the Employee Benefits Committee governing administration of the plan at issue in this case. The affidavit avers that the plan in which the debtor husband holds an interest is ERISA qualified and that the plan has the requisite anti-alienation provision. The creditor has offered no evidence in rebuttal of this testimony. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. (The nonmovant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence). Inasmuch as such property interests may be excluded, under the Bankruptcy Code, from property of the estate, *Patterson v. Shumate,* 504 U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 the debtors are entitled to a ruling from the Court as a matter of law that his interest in the plan benefits are not property of the estate.[3] Accordingly, it is

**ORDERED** that the debtors' Motion for Summary Judgment, filed on December 28, 1994, is GRANTED. The objection by the creditor Warehouse Paint to the debtor's exemption in the Entergy Corporation plan benefits is overruled. Trial of the remaining issue regarding the debtor's claimed exemption in tools will be set by separate notice.

**IT IS SO ORDERED.**

---

**3.** It is interesting to note the values at issue in this case. There are no assets of any great value in the estate. Even were the entire pension plan property of the estate subject to distribution in this case, the entire amount would be paid towards administrative costs and the unsecured priority creditors. The objecting creditor would receive $00.00 even if the asset were brought into the estate. Even were there no administrative costs or priority creditors, the creditor would only be entitled to its pro rata share of the proceeds.