## In re SMITH–DOUGLASS, INC., Debtor.

## SMITH–DOUGLASS, INC., Plaintiff,

v.

## Fred J. SMITH, Jr., Irvin Smith and Smith Brothers Cattle Co., Defendants.

Bankruptcy No. M–83–00478–5.
Adv. No. M–84–0119–AP.

United States Bankruptcy Court,
E.D. North Carolina.

Oct. 23, 1984.

Fred J. Smith, Jr., N. Hunter Wyche, Jr., Smith, Debnam, Hibbert & Pahl, Raleigh, N.C., for defendants.

Elizabeth F. Kuniholm, Tharrington, Smith & Hargrove, Raleigh, N.C., for plaintiff.

### . MEMORANDUM OPINION

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the defendants' request for voluntary abstention pursuant to 28 U.S.C. § 1334(c)(1).

On September 27, 1984 this court entered an order denying the defendants' request for mandatory abstention under 28 U.S.C.

§ 1334(c)(2). The court found that although this adversary proceeding brought by the debtor-in-possession to collect two accounts receivable totalling $100,927.21 is a proceeding based upon a state law claim or state law cause of action, 28 U.S.C. § 1334(c)(2) does not apply because the proceeding is related to a case (*In re Smith-Douglass, Inc.* filed March 11, 1983) which was pending on July 10, 1984, the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98–353, § 122(b).

At the hearing on September 17, 1984 to consider the defendants' motion for "mandatory" abstention under 28 U.S.C. § 1334(c)(2), counsel for the defendants, realizing that 28 U.S.C. § 1334(c)(2) was not applicable, asked the court to consider "voluntary" abstention under 28 U.S.C. § 1334(c)(1).[1] Both parties offered arguments on this issue and the court indicated from the bench its inclination not to abstain pursuant to 28 U.S.C. § 1334(c)(1). That initial reaction was based primarily upon past experience with the many adversary proceedings to collect accounts receivable in this chapter 11 case. All such proceedings have been handled effectively and expeditiously.[2] Subsequent events, however, have caused the court to reconsider its announced intention not to abstain.

After concluding the hearing on the defendants' Motion to Abstain, the court turned to consideration of the defendants' Motion to Dismiss under Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure (made applicable here by Bankruptcy Rule 7012). The thrust of the defendants' motion is that 28 U.S.C. § 157 and 28 U.S.C. § 151 are unconstitutional because those sections give too much authority to non-Article III bankruptcy judges. The defendants also contend that the extension of the appointments of sitting bankruptcy

---

[1] 28 U.S.C. § 1334(c)(1) became effective upon enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98–353, § 122(a).

[2] At the time of the hearing, 184 adversary proceedings had been filed in the case and 140 had been terminated.

judges violates the Appointments Clause of the Constitution.[3]

Whenever the constitutionality of any Act of Congress affecting the public interest is drawn in question in an action to which the United States is not a party, the court must certify that fact to the Attorney General and the United States shall be permitted to intervene. 28 U.S.C. § 2403(a). That process and the delay it would cause in this proceeding can be avoided if this cause of action is tried in a forum other than the bankruptcy court. There is also another more important reason why it would be appropriate to try this action in another court.

On October 1, 1984 the defendants made a timely demand for jury trial. The defendants would be entitled to a jury trial in this common law action on an account if the proceeding was brought in state court, and they are entitled to a jury trial in this court as well.[4]

There is no direct prohibition under the Bankruptcy Amendments and Federal Judgeship Act of 1984 against jury trials being conducted by the bankruptcy court, but the inability of bankruptcy judges to enter final judgments, absent consent of the parties, in noncore proceedings makes jury trials in such proceedings impractical. A party entitled to a jury trial should receive one, not an advisory jury trial in which proposed findings are submitted to the district court. 28 U.S.C. § 157(c)(1).

This adversary proceeding is a noncore proceeding and the defendant has not con-

sented to the entry of final judgments by the bankruptcy court under 28 U.S.C. § 157(c)(2). Consequently, this adversary proceeding can not be effectively tried by a jury in this bankruptcy court.

Should this cause of action be heard in the state courts or in the district court? If this adversary proceeding was related to a bankruptcy case filed after July 10, 1984, the answer would be clear—"mandatory" abstention would apply and this cause of action would be tried in the state court if the action could be timely adjudicated.[5] By requiring mandatory abstention, Congress has adopted a policy which clearly favors resolution of related state law causes of action in state courts.[6]

There is no evidence before this court to suggest that a suit in state court to collect these accounts receivable would delay the administration of this chapter 11 case. It is indeed possible that this proceeding could be tried more quickly in the district court, but in the absence of a compelling reason not to follow the clear mandate of Congress to try state law causes of action in state courts, an order will be entered abstaining pursuant to 28 U.S.C. § 1334(c)(1).

**3.** Pub. L. No. 95–598, §§ 106 and 121.

**4.** This adversary proceeding was filed on June 19, 1984 at which time 28 U.S.C. § 1480(a) provided that

"Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979."

(Bankruptcy Reform Act of 1978, Pub. L. 95–598, § 241(a) and § 405(b) ). Not considered in this opinion is whether the defendant would be entitled to a jury trial under 28 U.S.C. § 1411 (effective July 10, 1984) or whether 28 U.S.C.

§ 1480 survived the Bankruptcy Amendments and Federal Judgeship Act of 1984 (Pub. L. 98–353; § 121(a); § 113; § 122(c) ).

**5.** Mandatory abstention also requires a timely motion of a party and that a state court action be commenced. 28 U.S.C. § 1334(c)(2). There need not be a case pending for abstention pursuant to 28 U.S.C. § 1334(c)(1).

**6.** Some legislators believe that all state law claims should be heard in state courts and that even Article III courts lack jurisdiction, in the absence of diversity, to determine purely state law claims. Statement of Senator Hatch, Congressional Record, June 29, 1984 p. S8893.