**In re MORSE ELECTRIC COMPANY, INC., Debtor.**

**MORSE ELECTRIC COMPANY, INC., Plaintiff,**

v.

**LOGICON, INC., Barton-Malow Company, and General Motors Corporation, Defendants.**

**Bankruptcy No. 82–31219.**
**Adv. No. 84–3094.**

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

March 5, 1985.

Robert O. Fleming, Jr., Smith & Fleming, Atlanta, Ga., Robert Konopa, South Bend, Ind., for plaintiff.

Jeffery A. Johnson, South Bend, Ind., Jon B. Abels, Indianapolis, Ind., for defendants.

## ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

On October 3, 1984, Logicon, Inc., filed motion for withdrawal of reference to the district court. Hearing in the matter was held October 29, 1984. After the period for filing of briefs had passed, the motion for withdrawal of reference was taken under advisement on November 28, 1984.

Barton-Malow Company and General Motors Corporation sought to join Logicon by filing the identical motion for withdrawal of reference on December 3, 1984. Pursuant to Rules 7018 and 7020 of Bankruptcy Procedure the court now joins the two motions and three parties in one action.

Logicon, Barton-Malow and General Motors are co-defendants in the underlying proceeding sought to be withdrawn, a complaint filed by debtor Morse Electric Company, Inc., on August 24, 1984, which contains allegations of breach of contract, bad faith injury to business, and negligence. The complaint arises out of prepetition contractual relationships between Morse and the defendants.

Defendants seek withdrawal under two theories: that the proceeding is not a core proceeding pursuant to 28 U.S.C. § 157(b)(2) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 [BAA], and that the jury trial requested by Morse cannot be conducted in the Bankruptcy Court under 28 U.S.C. § 152(c)(1). Morse has responded that the motion to withdraw reference was improperly directed to the Bankruptcy Court, that it should have been filed in the District Court. Furthermore, Morse alleges that the complaint is a core proceeding as defined in 28 ' U.S.C. § 157(b)(2)(0), and thus under the jurisdiction of the Bankruptcy Court.

The issues raised for consideration herein are threefold: first, whether the motion to withdraw reference should have been filed in the District Court rather than in the Bankruptcy Court; second, whether the instant proceeding is core or related; and third, whether the Bankruptcy Court may conduct a jury trial in these proceedings, if they remain under the Bankruptcy Court's jurisdiction.

### I. *Proper court in which to file motion*

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984 [BAA], which became law July 10, 1984, District Courts are empowered to refer any or all cases or proceedings arising under or related to cases arising under Title 11 of the United States Code, except personal injury, tort or wrongful death claims, to the Bankruptcy Judge of the district. 28 U.S.C. § 157. Using this discretionary referral power, the District Judges of the Northern District of Indiana issued a standing reference order July 11, 1984, transferring the entire bankruptcy docket to Bankruptcy

Judges. Thus this Court may determine matters involved in bankruptcy actions.

██ Despite its blanket referral, however, the District Court must withdraw a proceeding requiring consideration "of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," and may withdraw a proceeding "for cause shown." 28 U.S.C. § 157(d). Although the circumstances herein do not call for mandatory withdrawal, a motion requesting permissive withdrawal, timely filed with the District Court and based upon a showing of cause, would have been appropriate.

In this case, however, the complaint initially having been filed with this Court, the defendants requested transfer of the case to the District Court based upon the nature of the complaint. They alleged that the District Court should hear the proceeding both because it is not a core proceeding and because the debtor's jury trial request can only be honored in the District Court.

██ This Court finds that only the District Court can make the determination to withdraw reference. 28 U.S.C. § 157(d). Consequently, the motion for withdrawal was improperly filed in the Bankruptcy Court.

Nevertheless, the Bankruptcy Court acknowledges that the procedure of withdrawal is new to the bankruptcy bar, and recognizes that the defendants herein wish to request permissive withdrawal by the District Court, based upon a showing that the underlying complaint is a related proceeding which should not be heard by the Bankruptcy Court. Therefore the Court now construes defendants' motion to be a motion for determination of the nature of the proceeding, and will consider its status as an issue preliminary to the motion to withdraw reference for cause shown.

Considered in that light, defendants herein have correctly begun the process of withdrawal of reference in the Bankruptcy Court. It is the duty of the Bankruptcy Judge to determine whether a proceeding is core or noncore. 28 U.S.C. § 157(b)(3).

Once this threshold determination is made, both the Court and the parties may choose among several courses of action; but the initial analysis and categorization of the proceeding shall be made by the bankruptcy judge.

## II. *Nature of proceedings: core or related*

Section 157(b)(2) of the BAA provides a non-inclusive definition of "core proceedings" by which a Bankruptcy Court may determine the nature of the proceeding before it. The parties herein have agreed that the only subsection under which this proceeding could be categorized as "core" is section 157(b)(2)(0):

> (0) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C. § 157(b)(2)(0).

Subsection 0 is a comprehensive residual category, the one in which the distinction between core and related proceedings is least clear. The breadth or narrowness with which this subsection is interpreted will be determined in future court decisions. In this case, the debtor contends that its complaint is a cause of action which belonged to the debtor at the commencement of bankruptcy, and thus is property of the debtor's estate. The debtor's attempt to collect those assets which are the subject of the complaint is a core proceeding because it affects the liquidation of assets of the estate. Defendants respond that such a reading of subsection (0) is too broad in light of the Congressional intent to distinguish between core and related proceedings.

No definition of "related" or "noncore" proceedings is provided in the BAA, although the terms are used in sections 157 and 1334 of Title 28. However, the Supreme Court, in *Northern Pipeline Const. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), mandated a distinction between those cases which could be tried by bankruptcy courts

["core proceedings" under the BAA] and those which must be determined by Article III courts ["related proceedings" under the BAA]. Chief Justice Burger's often-quoted synopsis of the majority's holding has been used as a definition of "related proceeding":

> ... [A] "traditional" state common-law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law, must, absent the consent of the litigants, be heard by an "Article III court" if it is to be heard by any court or agency of the United States.

*Northern Pipeline Const. v. Marathon Pipe Line Co.*, 458 U.S. 50, 92, 102 S.Ct. 2858, 2882, 73 L.Ed.2d 598 (1982) (Chief Justice Burger, dissenting).

The Tenth Circuit Court of Appeals, consistent with *Marathon*, considered related proceedings to be "those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or state court." *Matter of Colorado Energy Supply, Inc.*, 728 F.2d 1283, 1286 (10th Cir.1984). See also *In re G & L Packing Co., Inc.*, 41 B.R. 903, 913 n. 2 (D.C.N.Y.1984). A Kentucky bankruptcy decision relied upon those definitions from the Tenth Circuit and Supreme Court in finding that a lien priority dispute between two creditors, involving state commercial law and not bankruptcy law, was not a core proceeding. *In re Dr. C. Huff Co., Inc.*, 44 B.R. 129, 134 (Bkrtcy.W.D.Ky.1984).

In his book *Bankruptcy Practice After the Amendments Act of 1984*, former Bankruptcy Judge Stanley B. Bernstein discussed the borderline between core and related proceedings. He concluded that pre-petition claims or causes of action by the debtor which are included in section 541(a) property of the estate "are presumably related proceedings ... because they assert pre-petition claims which could have been asserted under state or federal non-bankruptcy law." Bernstein, *Bankruptcy Practice After the Amendments Act of 1984*, (1984), p. 58.

The complaint herein asserts common law causes of action based upon two written contracts executed by Morse and Logicon on September 1, 1981. The debtor alleges that the defendants' breaches of contract, bad faith injury to Morse's business, and negligence caused Morse to incur additional costs and such damage to its business that it was forced into bankruptcy.

It is clear that this proceeding falls squarely into the "noncore" category as a prebankruptcy state common-law action related only peripherally to the bankruptcy itself. The debtor did not direct the court to any bankruptcy provision upon which the complaint was based. The defendants have not filed claims against the debtor's estate. Indeed, the circumstances herein are quite similar to those in *Marathon, supra:* circumstances which the Supreme Court held must be decided by an Article III court rather than by a bankruptcy court.[1]

> ... [T]he case before us, which centers upon appellant Northern's claim for damages for breach of contract and misrepresentation, involves a right created by state law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon the bankruptcy court. Accordingly, Congress' authority to control the manner in which that right is adjudicated, through assignment of historically judicial functions to a non-Art. III "adjunct," plainly must be deemed at a minimum. Yet it is equally plain that Congress has vested the "adjunct" bankruptcy judges with powers over appellant's state-created

---

1. In *Marathon* the debtor Northern Pipeline had filed suit in the bankruptcy court against Marathon Pipe Line, seeking damages for alleged breaches of contract and warranty, and alleged misrepresentation, coercion and duress. The contract underlying these allegations involved construction of pipelines, and the debtor's state common law claims arose before the bankruptcy commenced. The Supreme Court held that Northern's rights must not be adjudicated in the bankruptcy court, a non-Article III adjunct. *Northern Pipeline Const. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

right that far exceed the powers that it has vested in administrative agencies that adjudicate only rights of Congress' own creation.

*Northern Pipeline Const. v. Marathon Pipe Line Co., supra,* 458 U.S. at 84, 102 S.Ct. at 2878 (1982).

■ In light of the virtually identical facts and legal issues found herein, this Court finds that this proceeding cannot be a core question, and that the issues must, absent the consent of the litigants, be decided by an Article III court. Accordingly, this Court now finds that the underlying complaint is a related proceeding.

### III. *Power of Bankruptcy Courts to hold jury trials*

Prior to the enactment of the Bankruptcy Amendments Act, Rule 9015 of the Bankruptcy Rules of Procedure and section 1480 of Title 28 provided for jury trials conducted by bankruptcy judges.[2] Under the BAA, section 1411 of Title 28 governs the right to a jury trial.

§ 1411 (a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

(b) The district court may order the issues arising under section 303 of title 11 to be tried without a jury.

In interpreting this provision, courts have held that bankruptcy judges are not prohibited from conducting jury trials except when the proceeding concerns a personal injury or wrongful death tort claim. See *In re Smith-Douglass,* 43 B.R. 616, 12 B.C.D. 426 (Bkrtcy.E.D.N.C.1984); *In re Gibbons Constr., Inc.,* 46 B.R. 193, 12 B.C.D. 463 (D.C.Ky.1984). Bankruptcy commentator Stanley Bernstein agrees.

... As it now stands, § 1411 is merely declaratory of the right to jury trial for a limited class of contingent tort claims.... Those claims can only be tried before the district court. One could draw the inference that the Seventh Amendment applied to all legal issues regarding money damages, and that a bankruptcy judge has the implied power to conduct jury trials in all instances except the expressly excluded limited class of contingent tort claims.

Bernstein, *supra,* at p. 46.

■ This proceeding does not concern a personal injury or wrongful death tort claim. Consequently the Court finds that it is not prohibited from conducting a jury trial in this matter.

However, the Court notes that in these circumstances it would be impractical to hold a jury trial. Because this adversary proceeding is a related proceeding, the Bankruptcy Court cannot enter final judgment in the matter.[3] 28 U.S.C. § 157(c)(1). Therefore a jury trial would lack effectiveness herein.

There is no direct prohibition under the Bankruptcy Amendments and Federal Judgeship Act of 1984 against jury trials being conducted by the bankruptcy court, but the inability of bankruptcy judges to enter final judgments, absent consent of the parties, in noncore proceedings makes jury trials in such proceedings impractical. A party entitled to a jury trial should receive one, not an advisory jury trial in which proposed findings are submitted to the district court. 28 U.S.C. § 157(c)(1).

*In re Smith-Douglass, supra,* 43 B.R. at 618, 12 B.C.D. at 427.

### IV. *Conclusion*

The Court has found that, although a motion to withdraw reference should be filed in the District Court, the motion filed

---

**2.** Both provisions were approved by Congress and by the Supreme Court after the *Marathon* decision.

**3.** An exception to the rule is found in 28 U.S.C. § 157(c)(2), which empowers the district court to refer a related proceeding to the bankruptcy judge for hearing and final disposition if all parties so consent.

herein shall be construed as a motion for determination of the nature of the proceedings. The Court has also found that the underlying complaint is a related proceeding, and that the Bankruptcy Court is not prohibited from conducting a jury trial in these proceedings. Based upon these findings, the Court must now consider what action it will take in conducting the related proceeding.

Once it is determined that the proceeding is related, section 157(c) of the BAA governs the course of the case. The Bankruptcy Judge may conduct the hearing or trial and submit proposed findings of fact and conclusions of law to the District Court. A party may timely object to specific determinations made by the Bankruptcy Judge. The District Court then reviews the findings and conclusions of the Bankruptcy Court and conducts a *de novo* review of all matters to which objections were made. The final judgment is entered by the District Judge. 28 U.S.C. § 157(c)(1).

If all parties consent, however, the District court may refer a related proceeding to the Bankruptcy Judge for final determination and entry of judgment. 28 U.S.C. § 157(c)(2).

From the standpoint of the litigants, the only practical difference between a core proceeding and a related proceeding is whether the parties consent to the determination of a related proceeding by the bankruptcy court. If the parties do not consent, the proceeding cannot be decided on the bench at the conclusion of the trial. That may simply mean that the attorneys will have the additional burden of preparing proposed findings of fact and conclusions of law. In many proceedings, one or both parties may wish to avoid that burden, cost, and delay by consenting to the court's determination just to conclude the matter.

Bernstein, *Bankruptcy Practice After the Amendments Act of 1984*, p. 61.

■ Recent case law suggests that a third option is possible if a proceeding is related: the Bankruptcy Court may dismiss the proceeding. See *In re Dr. C. Huff Co., Inc.*, 44 B. 129, 134 (Bkrtcy.W.D.Ky.1984) (dismissal for lack of jurisdiction); *In re Dakota Grain Systems, Inc.*, 41 B.R. 749, 12 B.C.D. 71, 72 (D.C.N.D.1984) (dismissal without prejudice); *In re Smith-Douglass, Inc.*, 43 B.R. 616, 12 B.C.D. 426, 427 (Bkrtcy.E.D.N.C.1984) (dismissal by voluntary abstention).[4]

After consideration of the facts and legal arguments presented in this case, and in light of the provisions of the 1984 Bankruptcy Amendments Act and the *Marathon* decision, this Court makes the following determinations:

First, the Court holds that the motion to withdraw reference, although improperly filed in this Bankruptcy Court as such, is now construed as a motion for determination of the nature of the proceedings.

Second, the Court has determined that the proceedings are related, or noncore, in nature.

Third, the Court finds that it is not prohibited from conducting a jury trial in this matter. Nevertheless, because the Bankruptcy Court cannot enter final judgment in the proceeding, it finds that a jury trial would be inefficient and ineffective, and therefore declines to conduct one.

Therefore, this Court will administer the related proceeding up to the determination of final entry, pursuant to 28 U.S.C. § 157(c)(1). It will conduct a non-jury trial on the underlying complaint, and will submit its proposed findings of fact and conclusions of law to the District Court for the Northern District of Indiana for entry of final judgment.

---

**4.** The parties also have choices at this stage. A party may still timely file a motion for withdrawal of reference in the district court pursuant to 28 U.S.C. § 157(d). Or a party may challenge the Bankruptcy Court's determination that the underlying complaint is a related proceeding by filing an interlocutory appeal to the District Court under Rule 8001(b) of Bankruptcy Procedure. 28 U.S.C. § 158(a). In addition, the parties may consent to the District Court's reference of the proceeding to the Bankruptcy Court for final determination. 28 U.S.C. § 157(c)(2).

Accordingly, the Court now sets a pre-trial conference on the underlying complaint for April 10, 1985, at 2:45 p.m., in Room 226, U.S. Courthouse, 204 South Main Street, South Bend, Indiana.

SO ORDERED.