**In re UNITED STATES AVIEX CO., INC., Debtor.**

**UNITED STATES AVIEX CO., INC., Plaintiff,**

**v.**

**AVIEX INTERNATIONAL, INC., James D. Azzar, and Beene, Garter & Company, Defendants.**

Bankruptcy No. 86–30927.
Adv. No. 87–3057.

United States District Court, N.D. Indiana, South Bend Division.

Jan. 10, 1989.

Thorne, Grodnik and Ransel, Elkhart, Ind., for plaintiff.

Thomas N. Eckerle, Catherine C. Kennedy, and Deborah J. Caruso, for defendant Beene, Garter & Co.

Gary D. Boyn, Elkhart, Ind., and John D. Tully, Grand Rapids, Mich., for defendants Aviex Intern., Inc. and James D. Azzar.

Mark C. Bissinger, Cincinnati, Ohio, for Unsecured Creditors Committee.

## ORDER

ALLEN SHARP, Chief Judge.

The Court, after reviewing the Recommendations of the Bankruptcy Court dated December 20, 1988, and objections, if any, to the recommendations, hereby denies the motion of defendant Beene, Garter & Company to withdraw reference of United States Aviex Co., Inc. v. Aviex International, Inc., James D. Azzar and Beene, Garter & Co., Adversary Proceeding No. 87–3057, and its motion to abstain from hearing this proceeding.

SO ORDERED.

## RECOMMENDATIONS TO THE DISTRICT COURT AND ORDER CONCERNING TRANSFER OF VENUE

ROBERT K. RODIBAUGH, Senior Bankruptcy Judge.

This matter comes before the court on defendant Beene, Garter & Company's ("Beene Garter") motion to withdraw reference, motion to abstain, and motion to change venue, filed on May 20, 1987.[1] The court held a hearing on the motions on July 23, 1987, and took the matter under advisement on October 6, 1987. The court now recommends that the district court not withdraw reference of the underlying matter from the bankruptcy court and not abstain from hearing this proceeding. The court further denies Beene Garter's motion for transfer of venue.

### BACKGROUND

1. The original state court action

On January 16, 1986, Beene Garter filed a verified complaint in the District Court for the County of Berrien in the 5th Judicial District of Michigan ("state court") against United States Aviex Company ("Aviex"),[2] who is the debtor in this case. In its complaint Beene Garter requested a judgment in the amount of $9,722.00 for auditing services rendered on behalf of Aviex on May 16, 1985. In its answer of February 28, 1986, Aviex admitted that

---

1. Beene Garter originally filed five motions with the court: (1) motion to stay proceedings; (2) motion to abstain; (3) motion to dismiss for lack of personal jurisdiction or, in the alternative, motion to change venue; (4) motion for extension of time to file briefs and affidavits in support of motions; and (5) motion to withdraw reference. At the hearing on these motions Beene Garter moved to withdraw the portion of the motion to dismiss for lack of personal jurisdiction or, in the alternative, motion to change venue which related to the motion to dismiss.

On July 30, 1987, this court issued its order granting Beene Garter's motion to withdraw the motion to dismiss for lack of personal jurisdiction excepting the portion relating to change of venue, granting the motion to stay proceedings until the court has decided which motions require recommendations to the United States District Court, and granting an extension of time in which to file briefs. Hence, only three motions remain before the court.

2. The debtor's proper name is United States Aviex Co., Inc.

Beene Garter performed services for it in May, 1985, but claimed the services were unsatisfactory. Aviex also questioned the authority by which Beene Garter performed the audit and denied it had any remaining obligation to Beene Garter.

The pre-trial statement presented to the state court on April 9, 1986, summarizes Aviex's position:

Although Plaintiff "prepared" an audit of United States Aviex Co., the audit was inaccurate, misleading and unprofessionally prepared. Defendant contends that since the "audit" was useless, there was a total failure of consideration on the part of Plaintiff, and the sum is not legitimately due and owing to Plaintiff.

In addition, Defendant questions the authority upon which Plaintiff proceeded to prepare the audit for U.S. Aviex Co. and bill same.

Pre-trial Statement in Case No. 86-C-00059-GC-F at 1. Aviex further indicated in the pre-trial statement that it might counterclaim against Beene Garter "for wrongful acts and unauthorized procedures performed at [its] expense...." *Id.* The Honorable John N. Fields conducted the pre-trial conference on the lawsuit at which time the parties stipulated that Aviex would have until June 15, 1986, to file its counterclaim against Beene Garter. Judge Fields set the trial for December 10, 1986, and ordered mediation prior to that date. In his summary of the pre-trial conference Judge Fields noted that the one-day trial would be without a jury.

### 2. The bankruptcy court action

Aviex filed its petition under Chapter 11 of the Bankruptcy Code on July 11, 1986, thereby staying the state court action. On March 27, 1987, the debtor filed its complaint against James D. Azzar ("Azzar"), Aviex International, Inc. ("Aviex International"), and Beene Garter alleging, among

other things, that on or about June 17, 1985, Azzar and Beene Garter caused $100,950.33 to be credited on the books of Aviex in favor of Aviex International without proper authority to do so, without a valid business purpose, and without regard for the best interests of Aviex thereby violating their respective fiduciary obligations to Aviex.[3] Primarily, the debtor claims that Azzar authorized Beene Garter to enter the adjustment of $100,950.33 on the books and records of the debtor in favor of Azzar's corporation, Aviex International, to offset a debit representing an obligation Aviex International incurred when it purchased goods from Aviex for resale. Aviex asserts that Aviex International never actually paid the $100,950.33 and that by manipulating this transfer on behalf of Aviex International, Azzar caused Aviex to become responsible for a liability of Aviex International with no corresponding benefit.

As a result of this adjustment on Aviex's books and records, the debtor claims Aviex International owes it the sum of $100,-950.33 plus $19,405.91 for unpaid goods. Aviex further asserts that Aviex International's corporate veil should be pierced and Azzar, as the sole shareholder of Aviex International, should be personally liable for the entire sum of $120,356.44 plus $1,000,000.00 in punitive damages since he acted willfully, wantonly and maliciously in authorizing the bookkeeping adjustment in favor of Aviex International. The debtor also alleges that Beene Garter, as Aviex's accountant, is liable for the $100,950.33 credit entered in the records of Aviex.

Beene Garter, of course, disputes the debtor's claim and hence has filed its various motions in accord with its position. First, Beene Garter asserts that the proceeding should be withdrawn to the district court in the interests of judicial economy since it has requested a jury trial, since the

---

**3.** Aviex's complaint explains that Azzar, Aviex and Fay E. Kaiser ("Kaiser"), the sole shareholder of Aviex, entered into an agreement on August 8, 1984, in which Azzar agreed to purchase a controlling interest in Aviex and to form Aviex International to purchase and resell Aviex's products at a fair value in order to alleviate Aviex's cash flow problems. Apparently, the contemplated transfer of interests to Azzar never took place although Azzar did form Aviex International and did assume control of Aviex for a period of time. Beene Garter entered the picture when Azzar hired it to conduct an audit of Aviex's books and records on May 16, 1985.

"de novo review" rule might require dual litigation in both the bankruptcy and district courts and since this adversary proceeding deals solely with issues of Michigan law and is only remotely related to the underlying case. Aviex, on the other hand, urges that the matter is a related non-core proceeding which does not require a jury trial. Moreover, Aviex asserts that the "de novo" concept is not a sufficient reason to withdraw reference to the district court explaining that while a district judge has the right to require a new jury trial, he normally will do so only if there is no evidence to support the jury's verdict or if the bankruptcy judge errs in admitting evidence. In either case, Aviex asserts, these reasons would require a new trial even had the district judge presided over the proceedings.

Beene Garter next requests the bankruptcy court to abstain from hearing this adversary proceeding and remand to the state court in Niles, Michigan, since the debtor's suit involves only issues of Michigan law.[4] In support of its position Beene Garter submits that all of the parties to the proceeding are located in Michigan, the federal court would have no jurisdiction had Aviex not filed its petition under the Bankruptcy Code and the state court could timely address the claims at issue in this lawsuit. Aviex, on the other hand, submits that both mandatory and discretionary abstention are inapplicable in this case. Aviex asserts that because Beene Garter has not filed a claim against the debtor in this case for its accounting fees, the state court action effectively is moot in that Beene Garter lost its right to pursue the action when the date for filing claims passed. Moreover, Aviex argues that Beene Garter has not met its burden of showing that Michigan law is unsettled or that the state court proceedings would enhance the progress of the lawsuit thereby meriting discretionary abstention. Aviex also points to the fact that its recovery of the damages set forth in its complaint would add substantially to funds available for distribution to creditors and concludes Beene Garter has not met its burden of showing the court should abstain.

Finally, Beene Garter asks this court to transfer venue of this case to the Western District, Southern Division in Grand Rapids, Michigan. In support of its motion to change venue Beene Garter submits that all of the parties are affiliated with Michigan and none of the events connected with this adversary proceeding occurred in Indiana. Specifically, Beene Garter asserts that the debtor is a Michigan corporation with its principal place of business in Niles, Michigan; Beene Garter is a Michigan general partnership with its principal place of business in Michigan; Azzar is a resident of Grand Rapids, Michigan; and Aviex International is a Michigan corporation with its principal place of business in Michigan. Beene Garter's Motion To Dismiss For Lack Of Personal Jurisdiction Or, In the Alternative, Motion to Change Venue at 2. Beene Garter additionally claims that Michigan is the only convenient forum for the proceeding because all of the witnesses and exhibits in this action are in Michigan. *Id.* at 3.

Aviex counters Beene Garter's position arguing that the court should deny the motion to change venue in order to avoid additional expense to the estate and to promote judicial efficiency. Aviex urges the court to consider all relevant factors involved including primary purpose of the separate bankruptcy court system, that of bringing all matters relating to the debtor's case into one forum in order to provide for efficient administration of the estate, and the fact that the court previously denied a motion to transfer the debtor's main case to Grand Rapids, Michigan. Aviex asserts that Beene Garter will incur relatively minor inconvenience as compared to that which Aviex would suffer if this court were to allow this matter to proceed in another

---

**4.** Initially, the court notes pursuant to N.D. Ind.R. 45 that a motion to abstain should be addressed to the district court and filed with the bankruptcy court. The bankruptcy court may make recommendations to the district court concerning the motion. The court therefore construes Beene Garter's motion as being addressed to the district court and will make recommendations concerning it.

jurisdiction. Accordingly, Aviex asks the court to decline to transfer venue.

## DISCUSSION

28 U.S.C. § 157 grants district courts the authority to refer any or all cases under Title 11 or proceedings arising under or related to cases arising under Title 11, except personal injury, tort or wrongful death claims, to the bankruptcy judge of the district.[5] Pursuant to this authority district judges of the Northern District of Indiana have referred the entire bankruptcy docket to the bankruptcy court. N.D.Ind.Local Dist.R. 45(a)(1) (1987). Rule 45 offers direction concerning the jurisdiction of bankruptcy courts as well as procedures and standards for the bankruptcy and district courts to use in the event a party files a motion to withdraw reference or motion for abstention. The rule, which echoes the requirements of 28 U.S.C. § 157, states that "bankruptcy judges shall hear and determine all cases under Title 11 and all core proceedings ... arising under Title 11, or arising in a case under Title 11 ..." as well as "all non-core proceedings related to a case under Title 11." N.D.Ind.Local Dist. R. 45(a)(2) and (3) (1987).

If a party files a motion to withdraw a proceeding to the district court, the district judge is to hear and determine the motion pursuant to 28 U.S.C. § 157(d). Rule 45(b)(1) further provides the district judge may refer the proceeding back to the bankruptcy judge for proposed findings of fact and conclusions of law and a proposed order or judgment, and the bankruptcy judge in turn may prepare a written recommendation concerning the effect of the withdrawal upon the underlying case. N.D.Ind.Local Dist.R. 45(b)(1) (1987). Bankruptcy judges also are to make recommendations to the district court concerning a motion for abstention under 28 U.S.C. § 1334(c) although the district court itself has authority to dispose of the motion. N.D.Ind. Local Dist.R. 45(b)(3)(A) and (B) (1987). In making recommendations to the district

court concerning these motions the bankruptcy judge has the duty to determine whether a proceeding is core or otherwise related to a case under title 11 thereby falling within the realm of the bankruptcy court jurisdiction. 28 U.S.C. § 157(b)(3) (West 1988). The intention of the district court in promulgating Rule 45 is "that the bankruptcy judges be given the broadest possible authority to administer cases properly within their jurisdiction...." N.D. Ind.Local Dist.R. 45(a)(1) (1987).

In summary, under the guideposts of Rule 45 a bankruptcy judge is to make recommendations to the district court concerning both a motion to withdraw reference and a motion for abstention. Rule 45, however, does not require a bankruptcy judge to make recommendations with respect to a motion for transfer of venue unless the motion concerns personal injury or wrongful death claims. *See* N.D.Ind.Local Dist.R. 45(b)(3)(A)(iii). Accordingly, the court turns to the precise question presented by the three motions before it: Who should be the trier of fact in this adversary proceeding? In addressing this question the court first will consider the relevant law and facts concerning withdrawal of reference and then will turn to the standards for abstention and transfer of venue. The court will make recommendations to the district court concerning the motions for withdrawal of reference and abstention and will enter its own findings of fact and conclusions of law concerning the motion for transfer of venue.

### 1. Withdrawal of reference under 28 U.S.C. § 157

■ The district court may withdraw any proceeding referred to the bankruptcy court on its own motion or upon timely motion of any party for cause shown. 28 U.S.C. § 157(d) (West 1988). In order to determine whether reference should be withdrawn, the bankruptcy judge must first determine whether the action is a "core" or "non-core" matter within the

---

5. As a practical matter district courts refer all cases under Title 11 or proceedings arising under or related to Title 11 to the bankruptcy court with the bankruptcy court recommending

the withdrawal to the district court of those adversary proceedings that may arise concerning personal injury, tort or wrongful death claims.

meaning of § 157 and may make recommendations concerning the effect of withdrawal on the underlying petition and whether the matter should be expedited. 28 U.S.C. § 157(b)(3) (West 1988) and N.D. Ind.Local Dist.R. 45(b)(1) (1987) respectively. The parties in this action apparently agree that the matter in controversy is a non-core proceeding related to the debtor's Chapter 11 case. As the court has the initial responsibility to analyze and categorize a proceeding,[6] the parties' agreement, though persuasive, is not controlling. Therefore, the court will consider the nature of this adversary proceeding and its status under § 157 before making recommendations to the district court concerning the withdrawal of reference and abstention.

Section 157(b)(2) provides a non-inclusive list of matters which constitute core proceedings. In addition to relying on the list of examples in § 157(b)(2), courts look to factors such as the extent resolution of the matter will impact the bankruptcy case, whether the bankruptcy court traditionally has had authority to decide such matters and whether the proceeding arises wholly under state law or under federal law and involves substantial issues of law and fact to determine whether a proceeding is core or otherwise related to a case under title 11. *Marr Broadcasting Co., Inc. v. Shamrock Broadcasting, Inc. (In re Marr Broadcasting Co., Inc.)*, 79 B.R. 673, 677–78 (Bankr.S.D.Tex.1987) (citing *B–U Acquisition Group, Inc. v. Utica Mutual Insurance Co. (In re Baldwin–United Corp.)*, 52

B.R. 541, 546–47 (Bankr.S.D.Ohio 1985)). The court notes that the matters presented in this proceeding do not fall within any of the examples set forth in § 157(b)(2), with the possible exception of § 157(b)(2)(O) which, though worded somewhat broadly, has been construed narrowly by the courts.[7]

In this adversary proceeding Aviex seeks damages for the alleged breaches of fiduciary duties and wrongful conduct of Azzar, who for a time acted as Aviex's chief officer, and of Beene Garter, Aviex's accountant. In addition, Aviex sues for injury which allegedly occurred when Aviex International failed to pay it for products and Azzar and Beene Garter adjusted Aviex's records thereby covering up the non-payment. This action concerns a pre-petition dispute involving issues of state law which the state court could have resolved had Aviex not filed its Chapter 11 petition. The court has no doubt that Aviex's recovery in this lawsuit would benefit the debtor's estate. In determining whether the matter is core or non-core, however, the court finds the nature of the cause of action itself to be particularly important.

■ Aviex's complaint deals with the recovery of a pre-petition account receivable as well as several tort claims. Therefore, the court must consider the abundance of authority addressing proceedings to collect accounts receivable in order to determine whether this proceeding should be classified as core or non-core.[8] Examining the

---

6. *See* this court's order in *Morse Electric Company, Inc. v. Logicon, Inc. (In re Morse Electric Company, Inc.)*, 47 B.R. 234, 236 (1985).

7. *See Unsecured Creditor's Committee of Debtor, STN Enterprises, Inc. v. Noyes (In re STN Enterprises, Inc.)*, 73 B.R. 470, 481 (Bankr.D.Vt.1987) (adopting the view that the "catchall" provisions of § 157(b)(2)(A) and (O) require more than a mere bald assertion that recovery would benefit the estate in order to constitute a core proceeding).

8. In *Miller v. BTS Transport Services (In re Total Transportation, Inc.)*, 87 B.R. 568 (D.Minn. 1988), the District Court incorporated in its order Bankruptcy Judge Nancy C. Dreher's memorandum order regarding abstention, referral and determination of status. Judge Dreher's

memorandum provides an excellent, up-to-date review of the current split of authority concerning whether a pre-petition account receivable is a core proceeding. Judge Dreher fittingly characterizes the law in this area as a "maelstrom" and cites to *Combined Cos. Inc. v. Nice Enterprises, Inc. (In re Combined Cos.)*, Bankr. No. 4–85–922, Adv. No. 4–85–251, slip op. at 9 (Bankr.D.Minn. Feb. 4, 1986); *National Equip. & Mold Corp. v. Apollo Tire Co. Inc. (In re National Equip. & Mold Corp.)*, 60 B.R. 133, 136 (Bankr.N.D. Ohio 1986); *Franklin Computer Corp. v. Strauss (In re Franklin Computer Corp.)*, 50 B.R. 620, 625–26 (Bankr.E.D.Pa.1985); and *Baldwin United Corp. v. Thompson (In re Baldwin United Corp.)* 48 B.R. 49, 54 (Bankr.S.D. Ohio 1985), holding that an action to collect a pre-petition account receivable is a core proceeding and to *Commercial Heat Treating v.*

cases discussing the nature of an action to recover accounts receivable and noting the sharp division among the courts as to the classification of such proceedings, the court is inclined to believe that a debtor's action to recover a pre-petition account receivable is a core proceeding.[9] Nevertheless, as the parties in this case have apparently agreed the issues raised are non-core matters, the court for purposes of this case will classify the collection of accounts receivable as non-core.

A "related proceeding" is one which "affects the amount of property available for distribution or the allocation of property among creditors." *Elscint, Inc. and Elscint Imaging, Inc. v. Wisconsin Financial Corporation (In re Xonics, Inc.)*, 813 F.2d 127, 131 (7th Cir.1987). As this dispute involves a substantial damage claim which, if recovered, would belong to and would directly benefit Aviex's estate thereby increasing the amount of property for reorganization and/or allocation among creditors, the court determines the outcome of the controversy will have a definite impact upon the debtor's case. The court accordingly finds the matter is a related proceeding under § 157 over which this court has jurisdiction pursuant to Rule 45.

■■■■ Beene Garter argues that notwithstanding this proceeding is related to the debtor's case, the district court should grant withdrawal of reference because Beene Garter has requested a jury trial and because the "de novo review" rule might require the district court to re-litigate the proceeding if the bankruptcy court conducts the trial. The court is not convinced

these arguments merit the withdrawal of reference. First, the court notes that bankruptcy judges are not prohibited from conducting jury trials except when the proceeding involves a personal injury or wrongful death tort claim.[10] While the court believes that the request for a jury trial indeed may be relevant in resolving a motion to withdraw reference, the court declines to dispose of the request at this time, since the ultimate trier of fact should determine whether to assemble a jury for the trial.

Prior to the 1978 Bankruptcy Code, when Chapter X was the vehicle used by corporations seeking reorganization, the trustee (all Chapter X cases previously had trustees) often had cases which required the debtor to litigate in several different states. This litigation was a terrible drain on officers' and executives' time just in travel to these various forums, and also often an excessive expense. A trustee with multiple sets of lawyers around the country had costs that were, for the size of the case, ofttimes too much to bear. The parties accordingly would submit motions to compromise many things for far under their value simply because the economics of the situation would not warrant proceeding any further. The court, being aware that a Chapter X patient could not be kept on the operating table too long, would at times, after biting its tongue, approve a compromise dictated by economic necessity.

During the decade of the 1970's, Congress, as it studied the bankruptcy court, became aware of the drawback of requiring trustees to litigate lawsuits all over the

---

*Atlas Indus. (In re Commercial Heat Treating)*, 80 B.R. 880, 887–90 (Bankr.S.D.Ohio 1987); *Stewart v. Strasburger (In re Astrocade, Inc.)* 79 B.R. 983, 985 (Bankr.E.D.Pa.1987); and *Gstalder v. Seward (In re P & P Oil Field Equip., Inc.)*, 71 B.R. 621, 622 (Bankr.D.Colo.1987), as cases advocating the opposing viewpoint. 87 B.R. at 571 and 572 n. 3. Judge Dreher concluded that "[c]ollecting receivables, especially in a case ... where those receivables make up the major assets of the estate in liquidation, is as close as one can get, in my view, to a traditional type of proceeding at the heart or core of bankruptcy." *Id.* at 573–74.

9. The court is swayed in favor of designating these matters as core proceedings primarily by the fact that collecting assets of the debtor's estate is a traditional province and duty of bankruptcy courts.

10. *See* this court's earlier order in *Morse Electric Company, Inc. v. Logicon, Inc. (In re Morse Electric Company, Inc.)*, 47 B.R. 234, 238 (Bankr.N. D.Ind.1985) (citing *Smith–Douglass, Inc. v. Smith (In re Smith–Douglass)*, 43 B.R. 616 (Bankr.E.D.N.C.1984), *Gibbons Construction Co., Inc. v. Tenneco, Inc. (In re Gibbons Construction, Inc.)*, 46 B.R. 193 (E.D.Ky.1984) and Bernstein, Bankruptcy Practice After the Amendments Act of 1984 (1984) at 46).

country, and the need to consolidate the litigation in one forum. The result in the 1978 Act was a provision for a "one-stop court," so to speak, with bankruptcy jurisdiction. As Beene Garter points out, Congress provided certain protections for the litigants in the new "one-stop" system. One of the protections was that district courts would have an opportunity to conduct a "de novo" review of proposed findings of fact and conclusions of law entered by the bankruptcy judge. The court does not believe, as Beene Garter apparently does, that this safeguard is uneconomical or that it requires the district court to withdraw reference of non-core, related matters. To the contrary, the provision allows the parties to avoid extra and unnecessary litigation in another court which might chill a reorganization plan or drain the estate of funds that could be used to pay creditors. In view of Congress' apparent purpose in developing the "one-stop system," the debtor's financial condition and this court's determination that this proceeding is a related matter which will affect the amount of property available for allocation among creditors or distribution, the court recommends that the district court not withdraw its reference of this matter to the bankruptcy court.

2. Abstention under 28 U.S.C. § 1334(c)

Alternatively, Beene Garter asks the district court to abstain from hearing this proceeding. 28 U.S.C. § 1334(c) provides in relevant part:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction....

28 U.S.C. § 1334(c)(1) and (2) (West 1988). Hence, the section provides for both mandatory and discretionary abstention by the federal court. Importantly, the abstention provisions allow the district court to "determine in each individual case whether hearing it would promote or impair sufficient and fair adjudication of bankruptcy cases." *Petrolia Corporation v. Elam (In re Petrolia Corporation)*, 79 B.R. 686, 692 (Bankr.E.D.Mich.1987) (quoting *Kelley v. Nodine (In re Salem Mortgage Co.)*, 783 F.2d 626, 633–35 (6th Cir.1986)).

■ Looking to the facts of this case the court believes that neither mandatory nor discretionary abstention is appropriate. Section 1334(c)(2) requires abstention when a related action has been commenced in an appropriate state court and the state court can address the matter in a timely fashion. The court recognizes that Beene Garter had filed a state court complaint against Aviex prior to the filing of the petition in bankruptcy court. Beene Garter argues that this fact is enough to require abstention by the district court. The court notes, however, that Beene Garter's complaint, albeit involving the same realm of operative facts, does not deal with the same disputes which Aviex has raised in this proceeding. Moreover, the state court action does not include the other defendants herein, namely Azzar and Aviex International. The court therefore is not convinced by the case cited in Beene Garter's memorandum which involved a simple dispute between the debtor and a single creditor. The court instead believes that mandatory abstention would be inappropriately applied to this action commenced by the debtor. Inasmuch as Beene Garter has failed to present evidence showing that the state court would address the matters at issue herein if it were to proceed or that the state court could adjudicate the rights of all of the parties herein in a timely manner, the court concludes that abstention is not required under § 1334(c)(2).

The court also believes that discretionary abstention is inappropriate. As Aviex correctly points out, although Aviex listed Beene Garter's claim against it as a disputed claim on its Statement of Affairs, Beene Garter failed to file a claim against the debtor's estate before the November 3, 1986 deadline set by the bankruptcy court. By failing to do so, Beene Garter effectively forfeited its rights to participate in Aviex's estate. Hence, once the debtor's case is finalized, either in reorganization or liquidation, Beene Garter's claim will be discharged and the state court action will be moot. The court therefore concludes that comity among the courts, which otherwise might convince the district court to abstain in respect for a state court's jurisdictional authority, is inapplicable herein, especially since Beene Garter has failed to direct the court to any unsettled or particularly difficult or complex issues of state law which require the court's attention and might be better addressed by the state court.

To the contrary, as Beene Garter has passed up its opportunity to pursue its claim against the debtor by failing to file its claim in bankruptcy court, district court abstention unfairly would permit Beene Garter to recapture its claim against Aviex and to revive the state court action. Considering that Aviex has relatively few assets left with which to pursue litigation elsewhere and the resulting importance of maintaining a central litigation point convenient to the debtor as well as the fact that Aviex's action against Beene Garter, Azzar and Aviex International now is almost inextricably enmeshed in Aviex's main case and has the potential to impact the amount of the debtor's estate, the court recommends that the district court decline to abstain.

### 3. Transfer of venue under 28 U.S.C. § 1412

■ Finally, Beene Garter asks the bankruptcy court to transfer venue of this proceeding to the Western District, Southern Division in Grand Rapids, Michigan. 28 U.S.C. § 1412 as added by the 1984 Amendments to the Bankruptcy Code provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice for the convenience of the parties." 28 U.S.C. § 1412 (West 1988). In enacting § 1412 Congress repealed the former § 1475 changing the words "bankruptcy court" in the statute to "district court." While some courts have held that under the new § 1412 the bankruptcy court lacks the power to order a transfer of venue of a case,[11] this court held, relying on two later cases,[12] that the bankruptcy court retains authority to determine transfer of venue motions.

■ Interestingly, the court came to this conclusion in the underlying case in this matter, *In re United States Aviex Company*, Case No. 86–30927. In its order of January 6, 1987 the court recognized that Aviex's case should have been filed in the bankruptcy court for the Western District of Michigan pursuant to 28 U.S.C. § 1408 since Aviex is a Michigan corporation with its principal place of business for the 180 days preceding the filing of its petition. The court concluded, however, upon weighing the burden of the district court in requiring only an Article III judge to make a venue determination in bankruptcy cases and considering the broad language of § 1412 that the court regains authority to determine proper venue. Moreover, the

11. *See Armstrong v. Rainier Financial Services Co. (In re Greiner),* 45 B.R. 715, 716 (Bankr.N.D. 1985) (holding that only an Article III judge could transfer a case and that the bankruptcy court accordingly had no option but to dismiss) and *Moody v. Empire life Insurance Company (In re Moody),* 46 B.R. 231, 234 (M.D.N.C.1985) (holding that with the repeal of § 1475, the bankruptcy court lacked the power to order a transfer of venue but could submit proposed findings and recommendations to the district judge).

12. *In re Boeckman,* 54 B.R. 110 (Bankr.S.D. 1985) and *In re Leonard,* 55 B.R. 106 (Bankr.D. C.1985). These two cases held the legislative history of § 1412 does not indicate any explicit congressional intent to definitely repeal the impact of § 1475 or of former § 1477 which granted the bankruptcy court the authority to retain or transfer a case or proceeding laying venue in the wrong division or district. 28 U.S.C. § 1477 (1982).

court determined looking to the facts of the case that Aviex had presented compelling reasons for retention in the Northern District of Indiana notwithstanding improper venue section.

The court noted in its order that Aviex's principal place of business, while technically in the Western District of Michigan, is located in Niles, Michigan, approximately ten miles from this court. Additionally, the court determined that Aviex's principal creditor, the United States of America Economic Development Administration took a neutral position with respect to transfer, that Aviex's second largest creditor, 1st Source Bank in South Bend, Indiana, objected to the transfer, that most of the unsecured homeowner creditors live in Niles, only ten miles from the court, and that thirty-three unsecured creditors live within the Northern District of Indiana. The court accordingly concluded that the clear preponderance of convenience was in favor of retention, found Aviex had shown compelling reasons for retaining the case in terms of "economic and efficient administration" and that above all, the increased cost to the estate if the court transferred the case to Grand Rapids supported the court's denial of the motion to transfer venue.

Inasmuch as the court already has addressed the transfer of venue in Aviex's main case, it finds the question relatively easy to answer in this proceeding. Admittedly, the court must look to slightly different factors in analyzing Beene Garter's motion including the effect keeping venue in the Northern District of Indiana would have on both Beene Garter and Aviex as well as the other parties involved. Weighing the facts, the court finds overwhelming evidence in favor of keeping venue in Indiana. As this court found previously in addressing the motion to transfer the entire case to Michigan, the economic situation of Aviex is critical. Since the court's ruling on the earlier motion to change venue, the court has entered an Order permit-

ting Aviex to sell most of its assets to a company based in Elkhart, Indiana.[13] Indeed, even should Aviex choose to continue some of its operations, it simply may not be able to afford to pursue this litigation some 110 miles away from its home base. The court accordingly concludes that Aviex's economic situation and the relatively minor inconvenience to Beene Garter in defending this action in the Northern District of Indiana merit keeping venue of this proceeding in South Bend.

The court further notes that Beene Garter filed its complaint against Aviex almost three years ago. In turn, after filing its Chapter 11 petition in July of 1986, and after the time for filing claims against the estate had passed in November of 1986, Aviex filed its complaint against Beene Garter, Azzar and Aviex International. Since that time Beene Garter has filed almost every motion possible to attempt to take this proceeding out of the bankruptcy court. Litigation of these matters has cost Beene Garter and Aviex a considerable amount of time and money. The court believes, and the parties certainly must agree, that the matters at issue herein should be resolved promptly. Inasmuch as the bankruptcy court is prepared to proceed with the trial of these matters and Beene Garter has been unable to assure the court that these matters would be resolved more promptly in another forum, the court concludes that venue should remain in South Bend, Indiana with the debtor's main case.

## CONCLUSION

WHEREFORE, the court recommends to the district court that it decline to withdraw reference and decline to abstain from hearing this proceeding. The court further orders that Beene Garter's motion to transfer venue is denied. It is

**SO RECOMMENDED AND ORDERED.**

**13.** The court notes that on November 28, 1988, Aviex filed its Report to the Court of Aborted Sale of All of the Operating Assets of the Debtor and Motion by Debtor-in-Possession to Sell Certain Property Free and Clear of Liens and Other Interests. This surprising turn of events makes Aviex's financial situation even more precarious and demands that this court closely guard unwarranted diminutions from the estate.