In re Charles C. **GREINER** and Tana L. Greiner, Debtors.

Phillip D. **ARMSTRONG**, Trustee of Estates of Charles C. Greiner and Tana L. Greiner, Plaintiff,

v.

**RAINIER FINANCIAL SERVICES CO.**, Defendant.

Adv. No. 84–7120.
Bankruptcy No. 82–05522.

United States Bankruptcy Court, D. North Dakota.

Jan. 15, 1985.

---

Phillip Armstrong, Minot, N.D., Trustee.

## · ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Trustee in the above-captioned case, on September 18, 1984, commenced an adversary action seeking recovery from the Defendant of an alleged preferential payment in the sum of $228.00. On January 3, 1985, the Trustee moved for entry of a default judgment against the Defendant for the reason that no answer or other appearance had been made within the time specified by statute.

■ The Defendant, Rainier Financial Services Co., is a resident of Renton, Washington, and was served at that location. The instant case was commenced and is venued in North Dakota. The provisions of the 1984 Bankruptcy Code Amendments with regards to venue are generally the same as the provisions of the former 1978 Act. The Code provides that proceedings arising under Title 11 or arising in or related to a case under Title 11 be commenced in the district court in which such case is pending. 28 U.S.C. § 1409. Section 1409, which became effective on July 10, 1984, replaces former 28 U.S.C. § 1473. Section 1409 contains a mandatory exception in the case of recovery of small claims by a trustee. Subsection (b) of the statute states that suits to recover property or a money judgment worth less than $1,000 or less than $5,000 if a consumer debt, may be commenced *only* in the district court for the district in which the defendant resides. Thus, in the case of a suit to recover a preferential payment received by a creditor, the only venue available is the district court for the district in which the creditor resides, even if that district is remote from the debtor's state of residency.

■ Under the 1978 Act, improper venue did not impair the jurisdiction of the bankruptcy court where a party had not interposed a timely or sufficient objection to venue. Under former section 1477(b), venue was deemed waived by the failure to object. Thus, in cases of improper venue where no objection had been raised, the bankruptcy court could retain the case for disposition. But, unfortunately, section 1477 is no longer in effect pursuant to section 113 of P.L. 98–353, and no statute has replaced that provision. Under the 1984 Amendments, when venue is in the wrong district, a court may no longer retain the case. The only options available to the court is to either dismiss the case or transfer it to another district as provided in 28 U.S.C. § 1412. Section 1412 provides that only the district court may transfer an improperly venued case. The only avenue available to the bankruptcy court in such instance is to dismiss the case. Accordingly, and for the reasons herein stated, the Trustee's Motion for Default Judgment is DENIED and the case is DISMISSED without prejudice.

IT IS SO ORDERED.