**In re Lester Carpenter LEONARD, Jr., Debtor.**

**Bankruptcy No. 85–00141.**

United States Bankruptcy Court, District of Columbia.

Oct. 22, 1985.

Marcia Docter, Docter, Docter & Salus, Washington, D.C., for debtor.

Emil Hirsch, Bethesda, Md., for Ralph D. Kaiser Co., Inc.

Richard H. Gins, Washington, D.C., for H. Stern & Co., Inc.

Ronald B. Harris, Jeannette Roach, Washington, D.C., for D.C. Corp. Counsel.

David Norken, Centerville, Md., for Eastern Shore Tenants Ass'n.

Naomi Cohn, Washington, D.C., for Adams Mill Tenants Ass'n.

## OPINION AND ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

This Opinion and Order, incorporating findings of fact and conclusions of law, follows a hearing on a motion by creditor Ralph D. Kaiser, Inc. (joined in by creditor Harry Stern & Co., Inc.) to dismiss this case or in the alternative to transfer it to Maryland.[1]

The Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, is unfortunately rather inartfully drafted, and one of the most inartful provisions is the one with regard to transfer of venue. Title 28 U.S.C. § 1412 states in full: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."[2]

That language would most naturally be taken to mean that "a district court"—not "a bankruptcy court"—has the authority to transfer a bankruptcy case to another "district court"—not to a bankruptcy court. However, 28 U.S.C. § 151 provides that bankruptcy judges "shall constitute a unit

---

**1.** If I am in error in holding that a bankruptcy court as a "unit" of the district court (see 28 U.S.C. § 151) can enter this order, pursuant to 28 U.S.C. §§ 157(b)(1) and 1412, then these are proposed findings and conclusions which presumably the district court can review pursuant to 28 U.S.C. § 157 (c)(1). But see text at 108–09, *infra.*

**2.** The 1984 Amendments vest all jurisdiction and venue in the district courts. 28 U.S.C. §§ 1334 and 1408.

of the district court to be known as the bankruptcy court for that district." It goes on to state: "Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit or proceeding ..." [3] In addition, 28 U.S.C. § 157(a) states that "[e]ach district court may provide that any or all [bankruptcy] cases ... shall be referred to the bankruptcy judges for the district".[4] Our District Court has referred all bankruptcy cases to the undersigned bankruptcy judge. Likewise, the District Court in Maryland has referred all bankruptcy cases there to the bankruptcy judges in Maryland. Section § 157(b) empowers bankruptcy judges to "hear and determine all [bankruptcy] cases" and to "enter appropriate orders and judgments, subject to review [by appeal] ..."

The undersigned Bankruptcy Judge construes this convoluted language to mean that he, as a "unit of" and a "judicial officer of" the "district court," who is "known as the bankruptcy court," can "hear and determine" and can "enter an appropriate order" with respect to the motion for change of venue. 28 U.S.C. § 157(b)(1).

Policy reasons support this result, rather than the result, urged by the movants, whereby an Article III district judge would be required to render the decision on venue, after receiving the bankruptcy judge's "proposed findings of fact and conclusions of law ..." *See* 28 U.S.C. § 157(c)(1). A venue decision should be a prompt decision.[5] It should be made by the judicial officer who has heard the evidence and who will retain the case, if the case is to be retained, rather than by some other judicial officer who is unlikely ever to have any substantial involvement with the case as a whole.

I disagree with the decision in *In re Greiner*, 12 B.C.D. 820, 45 B.R. 715 (Bankr.N.D.1985), which held that 28 U.S.C. § 1412 means that only an Article III district judge could transfer a case, and that therefore the bankruptcy court had only the option to dismiss. Under the rationale of that case, apparently the only way to obtain a transfer of venue, rather than dismissal, would be first to "withdraw the reference" of the case, pursuant to 28 U.S.C. § 157(d). Then the case would be before a district judge, who could transfer it. Such a convoluted and delay-ridden procedure would have the practical effect in most cases of reading the transfer-of-venue option out of the law altogether—surely an unfortunate result.

Somewhat less extreme is the position taken by the court in *In re Moody*, 46 B.R. 231 (D.C.M.D.N.C.1985), which upheld a bankruptcy court determination that, although the bankruptcy court lacked the power to order a transfer of venue, it could at least submit proposed findings and conclusions to a district judge for his decision. However, the statute prescribes and authorizes this procedure *only* for a noncore but related proceeding. 28 U.S.C. § 157(c)(1).[6]

---

3. The full text of § 151 is:

In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

4. The full text of § 157(a) is:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

5. The debtor in this case filed his petition on March 17, 1985.

6. The full text of § 157(c)(1) is:

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

It seems obvious to this judge that a motion to dismiss or transfer the entire case is *not* a noncore but related proceeding. It has to do with the entire case as a whole. It is a *core* proceeding because it is a "matter ... concerning the administration of the estate ..." [7]

Neither *Greiner* nor *Moody* contains any analysis beyond the surface of the statutory language of § 1412, referring to "district court." Neither of them even mentions §§ 151 and 157. Neither of them addresses the substantial policy considerations referred to above: the need for a prompt decision, made by that judicial officer who has heard the evidence and who will retain the case, if the decision is to retain it. Neither of them mentions the reference in § 1412 itself to transfer "to a district court"—and the obvious fact that the transferee forum will almost invariably be a bankruptcy court—not a district court. If "district court" includes "bankruptcy court" in the second part of the single sentence which comprises § 1412, then it is difficult to conceive why the same phrase cannot and should not mean the same thing in the first part of that same sentence.

I am aware of no requirement of Constitutional law that only an Article III judge can make a venue determination in a bankruptcy case. Thus, I can perceive no justification for construing the statute in such a way as to burden district judges with de novo review on transfer-of-venue motions in bankruptcy cases.

■ For all these reasons, I conclude that this Court has the power and the responsibility to make a decision on the motion for change of venue.

A second issue is whether Congress intended by the 1984 Amendments to repeal 28 U.S.C. § 1477. One section of the 1984 Amendments states that § 1477, *inter alia,* "shall not be effective"; another section of the 1984 Amendments states that § 1477, *inter alia,* "shall take effect on the date of enactment of" the 1984 Amendments. P.L. 98–353, §§ 113 and 121(a). Section 1477(a) states that a "bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding ..." [8] Thus, the question is whether, after the 1984 Amendments, the bankruptcy court continues to have the power to retain a case notwithstanding improper venue. *In re Greiner, supra,* 12 B.C.D. at 820, 45 B.R. 715, held that a bankruptcy court does not have such power, stating that "unfortunately, section 1477 is no longer in effect ..." Again, I disagree. There is no legislative history which suggests in any way an intent to make a substantive change in the law. Section 1412 permits a transfer to *any* other district.[9] It would make no sense to permit a transfer to any other district, i.e., one in which venue might be improper, and not to permit retention in an improper venue. It would be anomalous to conclude that a debtor is prohibited from starting out in an improper venue when the case could be transferred to an improper venue. I hold, therefore, that, if Congress did intend to repeal both § 1475, relating to transfer to *any* other district,[10] and also § 1477, relating to retention in an improper forum, and substitute therefor the new

7. 28 U.S.C. § 157(b)(2)(A).

8. The full text of [former?] § 1477 is:
    (a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division.
    (b) Nothing in this chapter shall impair the jurisdiction of a bankruptcy court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

9. *As opposed to 28 U.S.C. § 1406, which requires transfer to a district where venue is proper.*

10. The full text of [former?] § 1475 is:
    A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

§ 1412, the most probable intention of Congress was simply to streamline the language and not to make a substantive change. Congress may have believed that the power to retain an improperly-venued case is implied, without the necessity for explicit authorization, so long as the district-court venue chapter of title 28 contains no provision at all for dismissal of bankruptcy cases brought in an improper venue, and so long as the transfer-of-venue provision of that chapter is couched in permissive rather than mandatory language. ("A district court *may* transfer a case ..." —emphasis added.) Other possibilities exist, of course. Congress may have intended that new § 1412, granting *district* courts the power to transfer cases, would simply leave unaffected both § 1475 and § 1477, which granted *bankruptcy* courts the power to either transfer or retain cases.

■ If Congress's intent is unclear, then under the general rule of statutory construction as to mutually exclusive statutes passed on, and effective on, the same date, § 1477 would remain unaffected by either provision. *See* 1A Sutherland, *Statutory Construction*, § 23.17 (4th ed. 1972). Therefore, I conclude that this Court continues to have the authority to retain this case, even though venue is improper, "in the interest of justice and for the convenience of the parties."

■ Thus, the controlling precedent in this jurisdiction remains *Barnes v. Whelan*, 689 F.2d 193, 194 (D.C.Cir.1982). It is undisputed that in this case venue is improper in the District of Columbia. The Debtor is a resident of Maryland; his principal assets are in Maryland. Thus, the burden is on the Debtor "to show compelling reasons for retention." *Barnes v. Whelan, supra,* 689 F.2d at 206.

What has the Debtor shown?

■ He has shown some convenience to himself—that it is easier for him to travel to the court here than to Baltimore. I do not give much weight to the Debtor's testimony that there are fewer traffic lights on his route to the District of Columbia, but he did make some slight showing as to personal convenience in view of his heart condition.

A strong showing in favor of the Debtor has been made as to the convenience to creditors. Counsel for the District of Columbia Government and counsel for tenants of the Debtor in the District of Columbia appeared and strongly urged that the case be retained here. Counsel for tenants of the Debtor in Maryland took a neutral position and did not join in the request to change venue. Even one of the creditors who lives in Maryland made a strong argument for retaining the case here. Thus, I conclude that, with respect to creditors who live in the Washington Metropolitan Area, even those that live in Maryland, the clear preponderance of convenience is in favor of retention, rather than requiring them to travel to Baltimore. I therefore hold that the "convenience of the parties" test pursuant to §§ 1412 and 1477 has been met, and the Debtor has shown compelling reasons for retaining the case here.

With regard to the "interest of justice" prong of §§ 1412 and 1477, I find that, to the extent there is likely to be controversy in this case, controversy regarding District of Columbia law and District of Columbia property is likely to predominate over any controversy regarding the Debtor's Maryland properties.

The Court further takes into account the issue of financing and finds credible the evidence that the Debtor is likely to find financing, if at all, in the District of Columbia rather than in Maryland. Any potential source of financing that this Debtor is likely to be able to contact and negotiate with is simply not going to inconvenience itself by going to Baltimore. *See International Filter Corp.,* 33 B.R. 952, 956 (Bankr.S.D. N.Y.1983):

> ... [i]n almost every operating Chapter 11 case, a principal concern ... is the economic administration of the estate. In practical terms, that concern translates into ... the need to obtain financing to fund a plan of arrangement and

the location of the sources of that financing and the management personnel in charge of obtaining it.... Such facts are crucial in that they bear on the success of the rehabilitation generally contemplated by Chapter 11.

Therefore, I conclude that the Debtor has shown compelling reasons for retaining the case here in terms of the "interest of justice."

Movants provide no reasons why convenience of the parties or the interest of justice are satisfied by a move to Baltimore. As stated in *Barnes v. Whelan*, 689 F.2d at 206, simply showing that venue is improper here "is not the analysis called for ... Clearly [the statute] ... contemplates finding the *most* appropriate forum ..." (Emphasis in original.)

█ It is anomalous that the only two parties which seek the transfer both conduct substantial business in the District of Columbia. The party that took the lead, Ralph D. Kaiser Co., Inc., is a District of Columbia corporation, a major part of whose very claim against this Debtor arose here in connection with District of Columbia property. The other party who joined in the motion, Harry M. Stern & Co., Inc., is registered to do business here. I refer to the language of *In re Lakeside Utilities*, 18 B.R. 115, 118 (Bankr.D.Nebr.1982), wherein the Court noted that creditors "cannot claim inconvenience to themselves to litigate in their own state's forum." The two moving creditors in this case are located or do business in the District of Columbia; thus, they cannot claim that they are inconvenienced by retention here. Nor have they made any showing at all that the interest of justice would be served by transferring this case to Baltimore. This case, therefore, will be retained, and the motion to dismiss or in the alternative to transfer will be denied.

Accordingly, it is by the United States Bankruptcy Court for the District of Columbia

ORDERED that the motion to dismiss or in the alternative to transfer be and it hereby is DENIED.