**In re ROBERT'S FURNITURE, INC., Debtor.**

**Albert R. FINGERMAN, Esq., Trustee of Debtor, Plaintiff,**

v.

**HARRIS–HUB COMPANY, INC., Defendant.**

Bankruptcy No. 1–83–02312.
Adv. No. 1–85–0245.

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 22, 1987.

See also, Bkrtcy., 70 B.R. 994.

Robert L. Stone, Chicago, Ill., for defendant.

Albert R. Fingerman, Cincinnati, Ohio, for plaintiff.

## DECISION AND ORDER ON REMAND

BURTON PERLMAN, Bankruptcy Judge.

This is an adversary proceeding commenced by a trustee in bankruptcy to avoid a preference. The record shows that defendant was served with the complaint by certified mail on June 24, 1985. The summons informs the defendant that it had 30 days after issuance of the summons (June 24, 1985) to serve an answer upon plaintiff's attorney. Plaintiff thereafter again served defendant by certified mail on February 20, 1986, calling for an answer within 30 days after issuance of the summons. In this instance, a certified mail return receipt is a part of the record. That receipt indicates that the pleading was delivered March 3, 1986. A timely answer was not received by plaintiff or at the court and, accordingly, plaintiff took a default judgment in the case.

On April 24, 1986, defendant filed with the court a motion to set aside the default judgment, with which an answer was tendered. The motion was also accompanied by an affidavit of counsel. Neither the motion nor the affidavit offered any reason why the answer was not timely filed. Both the affidavit and the answer did state that the defendant had "two good and valid defenses against plaintiff's claim." The first of these is an assertion that this court lacks jurisdiction pursuant to 28 U.S.C. § 1409(b), which provides that a trustee in bankruptcy may not sue to recover a money judgment less than $1,000.00 except in the district where defendant resides. In this case, the amount sought by plaintiff is less than $1,000.00. In addition, defendant asserts a defense to the merits of the claim. It alleges that defendant gave new value, which presents a defense based on 11 U.S.C. § 547(c)(4). We denied the motion to set aside the default because no reason was shown for failing timely to plead.

Defendant then took an appeal to the District Court. In the District Court, a briefing schedule was set up and notice thereof was given to the parties. Appellant's brief was due July 1, 1986. Appellant failed to file a brief by that date, and on July 14, 1986, appellee moved to dismiss the appeal. On September 17, 1986, appellant filed Answer to the Motion to Dismiss.

Therein, appellant incorporated an earlier motion which it had filed in the District Court, one to transfer venue pursuant to 28 U.S.C. § 1412 which had been filed in the District Court on August 4, 1986.

The District Court, in an order filed October 31, 1986, recounts the foregoing events and filings, prefacing the order with the remark that the matter is before the court on the motion to dismiss. In its order, the District Court does not rule on the motion to dismiss, but refers the matter to us, saying the following:

> In the answer filed September 17, 1986, Defendant-Appellant raises questions that apparently have not been considered by the Bankruptcy Court. For the sole purpose of determining whether or not such assertions are meritorious, this matter is remanded to the Bankruptcy Court.

■ Our interpretation of the foregoing direction from the District Court is that we should consider the matters raised by defendant here on its motion to transfer venue pursuant to 28 U.S.C. § 1412, filed in the District Court, because that it what the September 17, 1986 filing by defendant-appellant says. Defendant-appellant filed a brief in which it says that it "has two good and valid defenses, one jurisdictional and the other an absolute affirmative defense against plaintiff's claim ...". We dispose of the second ground summarily, the assertion that defendant has an affirmative defense in that it gave new value, for defendant lost its right to assert that defense when it defaulted by failing to file without excuse a timely answer in this court.

The only question which merits further consideration in this court, is the assertion by defendant that 28 U.S.C. § 1409(b) is a jurisdictional statute, the application of which in this case renders invalid any order of this court in connection with this case. That statute provides:

> § 1409. Venue of proceedings arising under title 11 or arising in or related to cases under title 11.

>       *       *       *       *       *       *

> (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the district court for the district in which the defendant resides.

Clearly, by its own terms, the statute upon which defendant relies is a venue statute, not a jurisdiction statute.

There can be no doubt that the complaint in the case is a proceeding arising in or relating to a bankruptcy case. Subject matter jurisdiction over bankruptcy cases is conferred upon district courts by 28 U.S.C. § 1334. Further, 28 U.S.C. § 157(a) provides that a district court may refer such matters to the bankruptcy judges for that district. The District Court for the Southern District of Ohio has made such an order and it was pursuant to that order that the complaint commenced by the plaintiff in this case was filed in this court. There can be no valid question raised about subject matter jurisdiction in this case, or the propriety of the orders entered in this adversary proceeding by this court.

■ The pertinent statute, 28 U.S.C. § 1409(b), then, is a venue statute. Defendant waived any right to object to venue when it failed to file a timely answer or motion in this court. Venue is a personal privilege of a defendant, and the burden is on defendant to object in a proper and timely fashion if it believes venue is improper. The failure to raise the objection is a waiver. 15 *Wright and Miller*, Federal Practice and Procedure, § 3826 (1985).

For the reasons set forth in the foregoing discussion, we hold that the assertions raised by defendant-appellant in its answer filed September 17, 1986 in the District Court are not meritorious. The clerk will enter this Decision and Order here and forward same, together with the relevant documents in the appeal pending in the District Court, to the District Court.

So Ordered.