In the Matter of VAN HUFFEL TUBE CORPORATION, Debtor.

VAN HUFFEL TUBE CORPORATION, Plaintiff,

v.

A & G INDUSTRIES, et al., Defendants.

Bankruptcy No. B85–00642–Y. Adv. No. 86–0080.

United States Bankruptcy Court, N.D. Ohio.

March 10, 1987.

See also, Bkrtcy., 71 B.R. 145.

Robert Miller, Warren, Ohio, for debtor.

Philip E. Beard, Pittsburgh, Pa., for Stewart Mfg. Co., Inc.

Robert S. Bernstein, Pittsburgh, Pa., for Official Creditors Committee.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This matter is before the Court on the request of STEWART MANUFACTURING CO., INC., for the dismissal of the instant Complaint as against it. The basis for the request is an allegation of improper venue. For the reasons set forth below, the Motion is overruled.

Debtor-Plaintiff, VAN HUFFEL TUBE CORPORATION, filed a Petition for Relief under Chapter 11 of the Bankruptcy Code on July 30, 1985. On October 15, 1986, it filed the instant Complaint against a long list of defendants seeking to recover alleged preferential payments. STEWART MANUFACTURING is one of the named defendants in that adversary proceeding. Debtor is seeking to recover an alleged preference from STEWART in the amount of Eight Hundred Forty-One & 92/100 Dollars ($841.92). STEWART has its principal place of business in Pittsburgh, Pennsylvania, and argues that venue is improper in this Court, arguing that under the provisions of 28 U.S.C. Sec. 1409(b), any action to recover a money judgment of less than

One Thousand & 00/100 Dollars ($1,000.00) may be brought "only in the district court for the district in which the defendant resides."

Defendant, STEWART MANUFACTURING, has misread the statute governing venue in these proceedings. 28 U.S.C. Sec. 1409 provides:

a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under Title 11 or arising in or related to a case under Title 11 may be commenced in the district court in which such case is pending.

b) Except as provided in subsection (d) of this section, a trustee in a case under Title 11 may commence a proceeding arising in or related to such a case to recover a money judgment of or property worth less than One Thousand & 00/100 Dollars ($1,000.00) or a consumer debt of less than Five Thousand & 00/100 Dollars ($5,000.00), only in the district court for the district in which the defendant resides.

 A reading of the above statute clearly shows that there is a distinction between proceedings "arising under Title 11" and proceedings "arising in or related to a case under Title 11." A proceeding "arising under" Title 11 is any proceeding that would not occur but for a Bankruptcy Code provision. *In re S.E. Hornsby & Sons Sand & Gravel Co., Inc.*, 45 B.R. 988, 995 (Bankr.M.D.Louisiana 1985). A preference action is clearly a proceeding "arising under" Title 11, since it could not occur but for a provision found in Title 11. Since the exception of Section 1409(b) only concerns proceedings "arising in" or "related to" cases under Title 11 and does not apply to proceedings "arising under" Title 11, venue is proper in this Court, and we will proceed to hear this cause.

The "arising under," "arising in," and "related to" language of Title 28 are specific terms of art which Congress used to distinguish the types of proceedings which could be heard by bankruptcy judges and the places those proceedings could be heard. The Bankruptcy Code and related provisions are replete with preferences to these various categories of proceedings. *See* 28 U.S.C. Secs. 157(b) and 1334. The

"arising under" language is derived from the "arising under" language of the Constitution which is the basis of federal question jurisdiction. To ignore the "arising under" language found in Section 1409(a) and to refuse to make the distinction between the "arising under," "arising in," and "related to" language found in the various jurisdictional and venue provisions relating to bankruptcy courts would be to ignore Congressional intent as set forth in the legislative history of those statutes. *See* H.R. No. 595; 95th Cong., 1st Sess., 445 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6400; 1 *Collier on Bankruptcy,* para. 3.01 at 3–23. This Court respectfully suggests that the case of *Armstrong v. Rainier Financial Services Co.* (*In re Greiner*), 45 B.R. 715 (Bankr.D.N.D.1985), relied upon by STEWART, was incorrectly decided since it failed to distinguish these various terms of art as used in the applicable statute.

The Court determines that venue is proper in this Court and, therefore, hereby overrules STEWART's Motion to Dismiss.

IT IS SO ORDERED.