**In re LITTLE LAKE INDUSTRIES, INC., et al., Debtors.**

**MUSKIN, INC., Plaintiff,**

v.

**APA TRANSPORT CORP., et al., Defendants.**

**Bankruptcy No. 1–90–01332. Adv. No. 92–1259.**

United States Bankruptcy Court, N.D. California.

Oct. 15, 1992.

Daniel L. Egan, Murphy, Weir & Butler, San Francisco, Cal., for plaintiff.

**464**

Jack L. Getman, Goldman, Costa, Getman and Biryla, Buffalo, N.Y., for defendants.

## ORDER GRANTING MOTION TO DISMISS

ALAN JAROSLOVSKY, Bankruptcy Judge.

In this adversary proceeding, the debtor in possession has sued out-of-district defendant Strippit, Inc., seeking a preference recovery of under $1000.00. Disagreeing with *In re Van Huffel Tube Corp.*, 71 B.R. 155 (Bankr.N.D.Ohio 1987), the court grants the motion of Strippit to dismiss the complaint.

28 U.S.C. section 1409(b) provides in pertinent part that "a trustee in a case under Title 11 may commence a proceeding arising in or related to such a case to recover a money judgment ... less than ... $1000.00 ... only in the district court for the district in which the defendant resides." If one reviews the legislative history, and determines that the phrases "arising in" and "related to" in the statute are terms of art intended by Congress to apply only to those disputes which arise in the course of a bankruptcy proceeding but are not based on provisions of the Bankruptcy Code, then *Van Huffel Tube* is correct and the motion should be denied. However, the plain meaning of the statute is that if an action for less than $1000.00 arises in a bankruptcy or is related to a bankruptcy, it must be commenced in the district where the defendant resides. This action has arisen in the course of a bankruptcy proceeding, and is certainly related to it. The court feels it is proper to interpret the statute according to its plain meaning, and not according to semi-secret "terms of art" which can only be gleaned from legislative history or an insider's knowledge of bankruptcy law. There is nothing in the statute itself (nor in 28 U.S.C. section 1334(b), which uses the same phrases) which mandates that an action may not be considered "arising in" a bankruptcy or "related to" a bankruptcy merely because it also "arises under" Title 11, nor are these terms anywhere statutorily defined as mutually exclusive.

IT IS THEREFORE ORDERED that the motion to dismiss is granted.