**In re LITTLE LAKE INDUSTRIES, INC., a Delaware Corporation; Muskin, Inc., a Nevada Corporation; et al., Debtors.**

**MUSKIN, INC., Appellant,**

v.

**STRIPPIT INC., Appellee.**

**BAP No. NC–92–2163–VMeP.**
**Bankruptcy No. 1–90–01332–AJ.**
**Adv. No. 92–1259–AJ.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument
On March 17, 1993.
Decided Sept. 15, 1993.

Daniel L. Egan of Murphy, Weir & Butler San Francisco, CA, for appellant.

Jack L. Getman of Goldman, Costa, Getman & Biryla Buffalo, NY, for appellee.

Before: VOLINN, MEYERS, and PERRIS, Bankruptcy Judges.

## *OPINION*

VOLINN, Bankruptcy Judge:

A debtor in possession sued in the Northern District of California to recover on a preference claim of $547.88 which had been paid to a vendor in Akron, New York. Finding venue improper pursuant to 28 U.S.C. § 1409(b), the court dismissed the complaint. *In re Little Lake Industries, Inc.*, 146 B.R. 463 (Bankr.N.D.Cal.1992).

## FACTS AND PROCEEDINGS BELOW

The relevant facts are not in dispute. Debtor in possession, Muskin, Inc., initiated a complaint in the Northern District of California against a long list of defendants

for recovery of alleged preferential transfers pursuant to §§ 547 and 550 of the Bankruptcy Code. Venue was alleged as proper pursuant to 28 U.S.C. § 1409.[1] Subsection (a) of § 1409 grants venue in the district where the case is pending for all proceedings arising under title 11 or arising in or related to a case under title 11. The complaint was challenged by Strippit, Inc., a supplier of the debtor located in Akron, New York. Strippit resisted the action on grounds of improper venue under § 1409(b) which restricts venue in proceedings "arising in or related to" the bankruptcy case to the district in which the defendant resides when the stake at issue is under $1,000. Strippit contended that the proceeding against it fits squarely within subsection (b). Muskin pointed out that a preference action is one "arising under" title 11, and asserted that the term "arising under" is purposely excluded from subsection (b).

The judge agreed with Strippit. Interpreting the statute "according to its plain meaning, and not according to semi-secret 'terms of art' ..." he dismissed the case. *Little Lake*, 146 B.R. at 464. The dismissal may have time-barred Muskin from pursuing Strippit in Strippit's district court. Muskin brought this timely appeal.

1. 28 § 1409. Venue of proceedings arising under title 11 or arising in or related to cases under title 11.
 (a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.
 (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the district court for the district in which the defendant resides.
 (c) Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an

## STANDARD OF REVIEW

The interpretation of a federal venue statute is a question of law reviewed de novo. *Wash. Public Util. Group v. U.S. Dist. Court*, 843 F.2d 319, 324 (9th Cir.1987). If venue is improper, a bankruptcy court may dismiss a proceeding or transfer venue of a proceeding in its discretion. Fed.R.Bankr.P. 7012(b), 7019(2), 7087; 28 U.S.C. § 1412.

## DISCUSSION

### I

Does 28 U.S.C. § 1409(b), which protects the small claim defendant from the home court advantage granted to a bankruptcy trustee by § 1409(a), exclude this protection for a claim that arises under title 11, such as a preference claim under 11 U.S.C. § 547?

It is clear that the term "arising under" is absent in subsection (b), and it is also undisputed that a preference action is one that arises *under* title 11. The debtor asserts that it is therefore clear that Congress did not intend that the subsection (b) exception be applied to preference actions, and that the debtor in possession may, despite the § 1409(b) exception for small claims, institute and litigate in its home

action on which such proceeding is based if the case under title 11 had not been commenced.
 (d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.
 (e) A proceeding arising under title 11 or arising in or related to a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the district court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the district court in which such case is pending.

court preference actions against out of state defendants.[2]

The debtor relies on *In re Van Huffel Tube Corp.,* 71 B.R. 155 (Bankr.N.D.Ohio 1987). In *Van Huffel,* the court ruled that the statute "clearly shows that there is a distinction between proceedings 'arising under Title 11' and proceedings 'arising in or related to a case under Title 11.'" *Van Huffel,* 71 B.R. at 156.

Strippit asserts that the three terms as used in the statute are not mutually exclusive; that while a preference action arises under title 11, it also arises in and is related to the title 11 case. It claims the plain meaning of the statute is to universally protect a small claim defendant from unwarranted expense in defending against a marginally economic claim.

Strippit relies on *In re Greiner,* 45 B.R. 715 (Bankr.D.N.D.1985), *accord, In re Robert's Furniture, Inc.,* 70 B.R. 29 (Bankr. S.D.Ohio 1987) (objection to venue waived by failure to timely object). In *Greiner,* the court ignored the troubling language of subsection (b), stating only that "[s]ubsection (b) of the statute states that suits to recover property or a money judgment worth less than $1,000 ... may be commenced *only* in the district court for the district in which the defendant resides." *Greiner,* 45 B.R. at 716 (emphasis in original). In *Robert's Furniture,* the court stated, "There can be no doubt that the complaint in the case is a proceeding arising in or relating to a bankruptcy case," *Robert's Furniture,* 70 B.R. at 31.

In the instant case, the court below blended the statutory terms, stating:

There is nothing in the statute itself (nor in 28 U.S.C. section 1334(b), which uses the same phrases) which mandates that an action may not be considered "arising in" a bankruptcy or "related to" a bankruptcy merely because it also "arises under" Title 11....

*Little Lake,* 146 B.R. at 464.

It is apparent that the language creates a problem of interpretation. The question is whether the omission allows the broad meaning of "arising in" to encompass cases arising *under* title 11 in § 1409(b), or whether the omission was intended to impart to each of the terms a discrete technical meaning, so that the omission of "arising under" from the exception to the general rule was intended to create a particular legal effect: an exception to the exception thereby restoring home court advantage to the trustee for the undersize preference claim.

 The debtor and Strippit each assert that the statute's meaning is plain. The task of resolving the dispute over the meaning of a statute begins where all such inquiries must begin—with the language of the statute itself. *See U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). If we were to examine subsection (b) standing alone, our task would end there as well. By its plain dictionary meaning, "arising in" clearly encompasses both other classes of cases. "Where the language is plain and admits of no more than one meaning the duty of interpretation does not arise and the rules which are to aid doubtful meanings need no discussion." *Caminetti v. U.S.,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917) (citation omitted).

 Usually words of a statute must be construed in accordance with their ordinary and common meaning unless they have acquired technical meaning or unless a definite meaning is apparent or indicated by the context of the words. Singer, 2A *Sutherland Statutory Construction,* § 47.26 (5th ed. 1992). If the terms have discrete technical meaning or the context so indicates, the maxim *expressio unius est exclusio alterius* may apply, because the omission of one discrete term would imply that the omission should be understood as an exclusion. In order to invoke this rule, however, it must first be demonstrated that the terms are indeed intended to main-

---

**2.** The debtor in possession's complaint named 194 defendants. Some 127 of these defendants received allegedly preferential payments of un-der $1,000. We have no indication how many of these defendants reside outside the venue of the Northern District of California.

tain a discreteness calculated to exclude overlap.

Subsection (b) is one element of a five-part venue scheme, and the terms it employs are used in other statutes. Although "arising in" does not inherently distinguish itself from the class of proceedings "related to" the case, the operation of law on these two terms requires that they be distinguished, creating conflict between the plain meaning rule and the rule of *expressio unius*.

There is distinct reason to distinguish the class of proceedings related to a bankruptcy case from those arising in a case, because the jurisdiction of the bankruptcy court is affected by this difference. The terms "arising under" and "arising in" comprise core proceedings under 28 U.S.C. § 157(b)(2), and in core proceedings the bankruptcy court has jurisdiction to enter final orders. Without consent of the parties, the bankruptcy court is precluded from entering a final judgment in proceedings related to a case under title 11. 28 U.S.C. § 157(c).

This distinction also controls mandatory abstention under 28 U.S.C. § 1334. Along with the district court, in certain instances, the bankruptcy court must abstain from trying proceedings only related to a bankruptcy case, although such abstention is discretionary for proceedings arising under and arising in a title 11 case. 28 U.S.C. § 1334(c).

Congress initially drafted the three terms in its grant of jurisdiction to the bankruptcy court in the Bankruptcy Reform Act of 1978. 28 U.S.C. § 1471(b) (repealed). The Supreme Court found the Act unconstitutional because granting Article I bankruptcy court judges jurisdiction over constitutionally recognized rights and state created rights offended the constitutional mandate that only Article III judges render final decisions regarding private rights. *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

In response, Congress enacted 28 U.S.C. § 157(b), limiting the bankruptcy court's jurisdiction to enter final judgments and orders to "core" proceedings, those proceedings arising *under* title 11 and arising *in* a case under title 11. In a nonexhaustive list of core proceedings, the statute does not distinguish between the two terms. 28 U.S.C. § 157(b)(2). While the parties have not disputed the premise that preference actions arise under title 11, other examples of core proceedings listed in § 157(b)(2) arguably fit either category. Any opacity in the distinction between the terms does not frustrate the statute's purpose: it groups "under" and "in" together.

Although the three terms are not statutorily defined, because of the importance of distinguishing between core and non-core matters, the terms have technical meaning. Yet the distinction between the first two, "arising under" and "arising in," is not so clearly seen as the distinction between them and the last, "related to." The terms "arising under" and "related to" are clearly discrete and distinguishable. *Collier* states that "arising in" appears to be a residual class of cases, not based on title 11 causes of action, but not merely related to the case. 1 *Collier on Bankruptcy*, ¶ 3.01[1][c][v] at 3–32 (15th ed. 1993). While the lines of demarcation between proceedings arising in a case and those related to it can be unclear, nevertheless the use of the term "arising in" has an affinity or interchangeability with "arising under" that the attenuated "related to" does not.[3]

The treatment of these terms in our circuit defines them as they operate in § 1334 and reflects the primary distinction between the terms in the context of abstention and jurisdiction:

> "Arising under" and "arising in" are terms of art. They are two of the three categories of cases over which district courts have jurisdiction under 28 U.S.C. § 1334(b). The third category includes

---

**3.** We note in passing that the debtor's complaint agrees; it alleges that its claims for relief *"arise under* Section 547(b) and 550(a) of the Bankruptcy Code, and *arise in* a Chapter 11 case under Title 11 of the United States Code."

cases "related to" a case under title 11. As the Fifth Circuit has explained,

> Congress used the phrase "arising under title 11" to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11.... The meaning of "arising in" proceedings is less clear, but seems to be a reference to those "administrative" matters that arise *only* in bankruptcy cases. In other words, "arising in" proceedings are those that are not based on any right expressly created by title 11, but nevertheless would have no existence outside of the bankruptcy.
>
> *In re Wood,* 825 F.2d 90, 96–97 (5th Cir.1987) (footnotes omitted).

*Eastport Associates v. City of Los Angeles,* 935 F.2d 1071, 1076 (9th Cir.1991).

The *Eastport* court was discussing abstention, and in so doing, quoted language from *Wood,* a case discussing core jurisdiction. *Eastport,* on the dispositive issue before it therefore inapposite, and the language from *Wood* likewise is not directed toward resolving the consequences of the language of § 1409(b).

In any event, "factually there should be some evidence the legislature intended its (*expressio unius*) application lest it prevail as a rule of construction despite the reason for and the spirit of the enactment." Singer, 2A *Sutherland Statutory Construction,* § 47.23 (5th ed. 1992). Thus, even if the distinction between "arising under" and "arising in" were apparent in the dictionary sense, examination of the statute is in order so that it may be determined whether a functional distinction was intended.

It is evident that the statute was not "made with watchlike precision." *See Lawson v. Suwanee Fruit & Steamship. Co.,* 336 U.S. 198, 201, 69 S.Ct. 503, 504, 93 L.Ed. 611 (1949). The sole support for the debtor's argument is the use of the term "arising under" in subsection (a) and its absence in subsection (b). Section 1409 contains five subsections. The three terms are employed in each subsection in essentially two variations. (Subsections (a) and (e) contain identical language using the three terms, subsection (d) being virtually identical; subsections (b) and (c) contain identical language, omitting "arising under.") Each subsection operates to establish venue in various circumstances for readily explainable reasons. However, attempts to determine any useful distinction from variations in use of the three terms employed in the several subsections can become quickly frustrated.

Subsection (c) for instance governs proceedings "under section 541 or section 544(b)," the latter case clearly *arising under title 11.* Yet the three terms as employed in subsection (c) are employed identically in subsection (b), which the debtor contends excludes cases arising under title 11. But if proceedings arising *under* title 11 must be excluded from subsection (c), no proceeding under § 544(b) could be commenced by the trustee in the venue that the subsection clearly intends to allow him to file it. In terms of legislative purpose or intent, application of the *expressio unius* rule provides no more light on the subject than the plain meaning rule.

Legislative history is sparse and inconclusive as to the intent of Congress as well:

> Subsection (b) creates an exception which prevents unfairness to distant debtors of the estate, when the cost of defending might be greater than paying the debt owed. This section specifies that a proceeding by a trustee to recover a money judgment of less than $1,000 or a consumer debt of less than $5,000 must be commenced in the district in which the defendant resides. For example, if a store doing a major part of its business through catalog sales took bankruptcy, the trustee could not file suit in the bankruptcy court in which the case is pending to collect from customers owing for merchandise ordered from catalogs. The debts owed by such customers generally speaking would be consumer debts. This subsection (b) requires a suit to collect a consumer debt of less than $5,000 to be filed in the judicial district in which the defendant resides.

S.Rep. No. 95–989, 95th Congress, 2nd Sess. U.S.Code Cong. & Admin.News 1978, pp. 5787, 5941.

This comment can be read to support the general principle that a class without limitation was to benefit from the home court exclusion. The example used by the drafters refers only to debtors of the estate whose obligations would be ascertained in proceedings related to a bankruptcy case. On the other hand, if the drafters intended so definite an exclusion as the debtor asserts, it is likely that they would have mentioned it.

There is a question why Congress would go only half the distance and fail to exclude cases arising in a title 11 case as well. The policy served by the debtor's position would be more logically accomplished by omitting *all* core proceedings, i.e. both those arising under and arising in, from subsection (b).

■ Our inquiry leads us to the conclusion that the terms "arising under" and "arising in" cannot be interpreted as mutually exclusive, and their use in § 1409 as a whole does not indicate that the elliptical omission in subsection (b), whether intended or inadvertent, operates to exclude a class of cases thereunder. We limit the language of the trial court's ruling, however, as it extends to proceedings related to a case under title 11, based on the reasons discussed above. All proceedings arising under title 11 arise in the bankruptcy case for the purposes of § 1409(b). This resolution is consistent with the meaning of §§ 157 and 1334. Therefore, preference actions for recovery of less than $1,000 must be lodged in the district court for the district in which the defendant resides.

## II

Correctly finding venue improper, the judge granted the defendant's motion to dismiss the complaint without further comment. In *Greiner*, the court also dismissed the complaint, basing its decision on 28 U.S.C. § 1412 which states:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

The court reasoned that it could not retain a case where venue was improper, but as § 1412 granted only the district court jurisdiction to transfer or dismiss the case, the bankruptcy court was compelled to dismiss. *Greiner*, 45 B.R. at 716.[4]

■ Fed.R.Bankr.P. 7087, enacted subsequent to *Greiner*, allows the bankruptcy court, upon motion and after a hearing, to transfer an adversary proceeding or any part thereof. Fed.R.Bankr.P. 7019 similarly allows the court to transfer a part of a proceeding in the event that a party raises the defense of improper venue. Both rules refer to § 1412. The order on appeal does not indicate whether the court exercised its discretion in dismissing the action as to Strippit or whether it believed it was compelled to do so.

■ Fed.R.Bankr.P. 7019 and 7087 require that a party in interest bring a timely motion for transfer of venue. Although the record provided does not indicate whether a motion to transfer venue was expressly made, implicit in the debtor's resistance to the defendant's motion to dismiss for improper venue is a lesser alternative prayer for transfer of venue. Because the statute of limitations may have passed, barring the debtor from commencing suit in the proper venue, we remand these proceedings for consideration by the court whether to transfer the matter to Strippit's district.

## CONCLUSION

The Panel determines that for the purposes of 28 U.S.C. § 1409(b), a proceeding arising under title 11 may also be a proceeding arising in a case under title 11. The bankruptcy court's ruling as to venue is AFFIRMED. We REMAND for consideration by the bankruptcy court in its dis-

---

**4.** 1 *Collier on Bankruptcy*, ¶ 3.02[iii] at 3–161 (15th ed. 1993), on the other hand, interprets § 1412 to grant the district court the power to retain or transfer a case but not to dismiss it.

cretion whether this proceeding should be transferred or dismissed.