**In re Donna GUILMETTE, Debtor.**

**Marc S. EHRLICH, Chapter 7 Trustee, Plaintiff,**

**v.**

**AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., Defendant.**

Bankruptcy No. 94–14323.
Adversary No. 95–91282.

United States Bankruptcy Court,
N.D. New York.

Oct. 21, 1996.

---

Marc S. Ehrlich, Chapter 7 Trustee (Richard Morrisy, of counsel), Troy, NY.

Deily, Testa & Dautel, L.L.P. (Martin A. Mooney, of counsel), Albany, NY, for American Express Travel Related Services Company, Inc.

## MEMORANDUM—DECISION AND ORDER

ROBERT E. LITTLEFIELD, Jr., Bankruptcy Judge.

This matter is before the Court on the motion filed by the defendant, American Express Travel Related Services Company, Inc. ("American Express"), to dismiss the Chapter 7 Trustee's ("Trustee") complaint for improper venue pursuant to 28 U.S.C. § 1409(b). The Trustee's complaint seeks to avoid a preferential transfer to American Express under 11 U.S.C. § 547(b). American Express also requests reasonable costs incurred in making its motion.

This matter falls within the Court's core subject matter jurisdiction under 28 U.S.C. § 157(b)(2)(F).

### FACTS

The Debtor, Donna Guilmette ("Debtor"), filed a Chapter 13 bankruptcy petition on November 23, 1994 and the case was subsequently converted to a Chapter 7 bankruptcy. The Trustee commenced the instant adversary proceeding alleging that within 90 days before the filing of the petition, the Debtor transferred $913.28 to American Express to pay an antecedent debt. The Trustee contends that the transfer constitutes an avoidable preference under section 547(b) of the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.* hereinafter the "Code") because the transfer enabled American Express to receive more than it would have received in a Chapter 7.

American Express is a New York corporation with a principal place of business in New York City. It argues that because its principal place of business is located in the Southern District of New York, venue in the Northern District of New York is improper.

American Express relies on 28 U.S.C. § 1409(b), which provides that the trustee may commence a proceeding arising in or related to the bankruptcy case to recover property worth less than $1,000.00 only in the district court for the district where the defendant resides.

## DISCUSSION

### I. Overview of § 1409

The general venue statute for bankruptcy proceedings is 28 U.S.C. § 1409.[1] Courts generally agree that section 1409(a) sets forth the rule that venue for these proceedings is proper in the "home court" where the bankruptcy petition is filed, subject to the exceptions in subsections (b) and (d). *See In re Eagle–Picher Indus., Inc.*, 162 B.R. 140, 142 (Bankr.S.D.Ohio 1993); *In re Continental Airlines, Inc.*, 133 B.R. 585, 587 (Bankr. D.Del.1991); *In re F/S Airlease II, Inc.*, 67 B.R. 428, 431 (Bankr.W.D.Pa.1986); *In re Burley*, 11 B.R. 369, 382–3 (Bankr.C.D.Cal. 1981). Subsection (b) excludes matters "arising under" title 11 and is limited to proceedings "arising in" or "related to" a bankruptcy case. Subsection (d) does not apply because the Debtor paid American Express pre-petition.

### II. "Arising under," "arising in," and "related to"

American Express's motion presents the issue of whether 28 U.S.C. § 1409(b) requires the Trustee to bring his preference action to recover the prepetition transfer only in the Southern District of New York, where defendant resides.[2] Courts have analyzed the limitation in the scope of proceedings covered by subsection (b) with differing results. *See, e.g., In re Little Lake Indus., Inc.*, 158 B.R. 478 (9th Cir. BAP 1993); *In re Van Huffel Tube Corp.*, 71 B.R. 155 (Bankr. N.D.Ohio 1987). In *Van Huffel Tube*, the court reasoned that the phrases "arising under," "arising in," and "related to" were "terms of art" Congress used to distinguish types of proceedings bankruptcy judges could hear and the places where those proceedings could be heard. 71 B.R. at 156. It concluded that a preference action was clearly a proceeding "arising under" title 11, since it could not exist but for a title 11 provision. Because 28 U.S.C. § 1409(b) only covers proceedings "arising in" and "related to" bankruptcy cases, the court concluded that venue was proper in the bankruptcy court where the petition was filed. 71 B.R. at 156–7.

In *Little Lake*, the Ninth Circuit Bankruptcy Appellate Panel disagreed with the

---

1. **§ 1409. Venue of proceedings arising under title 11 or arising in or related to cases under title 11**

    (a) Except as otherwise provided in subsections (b) and (d), a proceeding *arising under title 11 or arising in or related to* a case under title 11 *may* be commenced in the district court in which such case is pending.

    (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 *may* commence a proceeding *arising in or related to* such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 *only* in the district court for the district in which the defendant resides.

    (c) Except as provided in subsection (b) of this section, a trustee in a case under title 11 *may* commence a proceeding *arising in or related to* such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

    (d) A trustee *may* commence a proceeding *arising under title 11 or arising in or related to* a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor *only* in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

    (e) A proceeding *arising under title 11 or arising in or related to* a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor, *may* be commenced against the representative of the estate in such case in the district court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in the district court in which such case is pending.

    28 U.S.C.A. § 1409 (West 1993) (*emphasis added*).

2. The Court assumes, for the purposes herein, that American Express resides in the Southern District of New York and makes no finding as to its residency.

result reached in *Van Huffel Tube.* The panel agreed that preference actions "arise under" title 11. 158 B.R. at 480. But after extensive analysis of the plain language and history of the statute and the use of the terms in related statutes, it concluded that "the terms 'arising under' and 'arising in' cannot be interpreted as mutually exclusive." *Id.* at 484. It held that for section 1409 purposes, all proceedings "arising under" title 11 "arise in" the bankruptcy case, thus, the trustee must lodge preference actions for recovery of less than $1,000 in the district court for the district where the defendant resides. *Id.*

This court disagrees with the result in *Little Lake* and agrees with the decision in *Van Huffel Tube.* With the advent of the Bankruptcy Reform Act of 1978, Congress intended to confer the broadest possible jurisdiction over bankruptcy cases upon the bankruptcy courts. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 44 (1978). U.S.Code Cong. & Admin.News 1978, pp. 5963, 6005. In so doing, Congress defined three bases for jurisdiction: "arising under title 11," "arising under a case under title 11" and "related to a case under title 11." As finally codified in 28 U.S.C. § 1471,[3] the second basis of jurisdiction, "arising under a case under title 11," was changed to "arising in a case under title 11."

■■■ The "arising under" basis involves federal question jurisdiction and any "arising under" proceeding is based on a substantive claim under title 11. *See* 28 U.S.C. § 1331; *In re Lorren,* 45 B.R. at 588. Two alternative tests are used to determine federal question jurisdiction. *See American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916); *Gully v. First Nat'l. Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Under either of these tests, a proceeding "arising under" title 11 must involve a substantial right or cause of action found in the Bankruptcy Code itself and not a nonbankruptcy-created right incorporated into the Bankruptcy Code by reference.

Code § 547 provides for preference actions, actions that exist only under federal bankruptcy law. Clearly, preference actions "arise under" title 11. *In re Little Lake,* 158 B.R. at 480; *In re Van Huffel Tube,* 71 B.R. at 156. The central question the Court must decide is whether the Trustee's preference action also "arises in" or "relates to" the bankruptcy case.

■■■ The second jurisdictional basis ("arising in") includes those proceedings existing only inside the bankruptcy but are based on rights not expressly created by title 11. *See In re Wood,* 825 F.2d 90, 97 (5th Cir.1987); *In re S.E. Hornsby & Sons Sand and Gravel Co.,* 45 B.R. 988, 995 (Bankr. M.D.La.1985). The issues in *In re Wood* and *In re Hornsby* centered on core proceeding and abstention matters and did not involve a section 1409 venue issue. But abstention, core proceedings and venue all involve the subject matter jurisdiction of the bankruptcy court. Since the terms "arising under," "arising in" and "related to" describe bankruptcy jurisdiction, the definition of these terms must equally apply in all situations. *See In re Lorren,* 45 B.R. 584, 588 (Bankr. N.D.Ala.1984). Consequently, bankruptcy proceedings could be "arising under" where they have no basis except in title 11 or they could be "arising in" where their resolution depends on nonbankruptcy law. *In re Wood,* 825 F.2d at 97; *In re Hornsby,* 45 B.R. at 995.

■■■ The instant preference action "arises under" Code § 547(b). In filing this preference action, the Trustee exercised a right expressly created by title 11; he did not exercise this right under any nonbankruptcy law because no such law exists. Although the preference action would not exist outside of the bankruptcy, nonbankruptcy law does not control its outcome. Consequently, the action does not "arise in" the bankruptcy case.

Furthermore, although proceedings "arising under" and "arising in a case under" title 11 are both "core" proceedings under 28 U.S.C. § 157(b)(1), the Court cannot overlook the fact that 28 U.S.C. § 1409(b) specifically excludes proceedings "arising under" title 11. Because Congress chose not to include "aris-

---

3. Bankruptcy Reform Act, Pub.L. 95–598, 92     Stat. 2549 (1978).

 

ing under" proceedings in subsection (b), the Court presumes that Congress acted intentionally and purposely in the exclusion. *See Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300–01, 78 L.Ed.2d 17 (1983). For these reasons, the Court does not agree with the bankruptcy appellate panel in *Little Lake* that "arising under" and "arising in" are interchangeable for section 1409 purposes.

As for the third jurisdictional basis ("related to"), the Second Circuit test is whether the proceeding has any "significant connection" with the bankruptcy case. *In re Turner,* 724 F.2d 338, 341 (2d Cir.1983). Under 28 U.S.C. § 157(b)(1), proceedings "arising under" title 11 are "core" proceedings but under 28 U.S.C. § 157(c)(1), "related to" proceedings are "noncore" proceedings. While the bankruptcy court can enter final orders in a core proceeding, it cannot enter a final order in a noncore proceeding without the parties' consent. 28 U.S.C. § 157(c)(1–2). Given this attenuation, the "related to" basis of jurisdiction does not appear to have any affinity or interchangeability with the "arising under" basis. *See In re Little Lake,* 158 B.R. at 482. Furthermore, since the Court does not agree that "arising under" is interchangeable with "arising in" in this case, the instant preference action cannot "relate to" the bankruptcy case for section 1409(b) purposes.

Under current law, the Trustee's preference action is subject to the venue provisions of 28 U.S.C. § 1409. The proceeding is subject to subsection (a) not only because all elements necessary to establish a prima facie claim are contained in title 11 ("arising under"), but because the Trustee has to forego all preferences under $600.00 as well as those that occurred more than 90 days before the filing of the bankruptcy petition. Code § 547(b)(4)(A) and (c)(8). To subject the Trustee further to venue outside the home court would be unfair. As the Senate observed in 1978, "trustees have had great difficulty in recovering preferences that have been made to creditors prior to the bankruptcy proceeding." S.Rep. No. 989, 95th Cong., 2d Sess. 6 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5792.

### Conclusion

In his preference action, the Trustee seeks to avoid the Debtor's prepetition transfer to American Express in the amount of $913.28 pursuant to section 547(b). Because 28 U.S.C. § 1409(a) applies to this action, venue is proper in the Northern District of New York.

Accordingly, and for the reasons stated,

**IT IS HEREBY ORDERED** that the motion by American Express Travel Related Services Company, Inc. for dismissal of the above-entitled adversary proceeding for improper venue with costs is **DENIED.**

**IT IS SO ORDERED.**